WILLIAM SIBLEY *versus* JOSEPH ROBINSON.

Where a note payable to a person named, or bearer, was transferred by the payee to his creditor as collateral security for a debt due from the payee to him, and a suit is brought by the creditor in his own name against the maker, it furnishes no defence, if the latter can show, that the payee had paid his own debt to the plaintiff, and so was entitled to have had the note returned to him, before the commencement of the suit.

ASSUMPSIT by the plaintiff as the bearer and owner of a note, dated April 25, 1837, for $25,00, payable in two years and interest after due, given by the defendant to Charles Robinson, or bearer. The defendant introduced in evidence a paper signed by the plaintiff, of which a copy follows. "July 12, 1837. This day received of Charles Robinson five notes

of hand against Joseph Robinson.  These notes are dated April 25, 1837, and to be paid to Charles Robinson or bearer, one of $26,50, to be paid in a year from its date and interest, the other four notes are $25,00 each, without interest, and to be paid yearly after the above.  The first note is to be applied on one due me, signed by John Glidden and Charles Robinson, that is due me, some days before this demand is out.  I have received these notes only as collateral security."  The Glidden note was for $150,00, and was paid before this suit was commenced.  The plaintiff then held three notes of $200 each, against Charles Robinson, secured by a mortgage of land, dated April 15, 1837, payable in two, three and four years. The counsel for the defendant offered to prove by parol, that the notes were put into the hands of the plaintiff, for the sole purpose of securing the payment of the Glidden note.  Shepley J. presiding at the trial, ruled that the evidence was inadmissible.

The counsel for the plaintiff alleged, that the land was wholly insufficient to secure the notes, and claimed that the plaintiff had the right to retain the note in suit for security of the notes described in the mortgage, and could recover in this suit.  It did not appear that the plaintiff had any other demands against Charles Robinson, than those mentioned.  The presiding Judge, ruled, that by the terms of the receipt, the plaintiff might retain the notes as security for any demands which the plaintiff might have against Charles Robinson at the date thereof, not otherwise secured; but that he had no right to retain or appropriate the same to secure him against any loss upon  demands he had against said Charles Robinson  secured by  mortgage.

The plaintiff became nonsuit; and if the ruling of the Judge was  incorrect, the nonsuit was to be taken off and the case stand for trial.

*Emmons,* for the plaintiff, in  his argument, said  that when the  plaintiff received the  five notes and  gave the receipt, he held  four  notes against Charles Robinson, one secured  by the

name of Glidden, as surety, and the other three secured by a mortgage of certain real estate. The five notes were received as collateral security. If nothing further had been said, the plaintiff would most certainly have had the right to hold the notes for the payment of all demands he then had against Charles Robinson. The appropriation of one of them towards the payment of the Glidden note, affected that alone, and left the others as additional security to the notes secured by the mortgage. The last ruling of the Judge, then, was erroneous.

The terms used in an agreement shall prevail according to their most comprehensive popular sense. Chitty on Contracts, (Springfield Ed. of 1839,) 66.

*Vose* and *Lancaster*, for the defendant, contended that the ruling of the Judge on the last point was correct. The Glidden note had no connexion with the notes secured by the mortgage. The five notes, mentioned in the receipt, did not amount to as much as the Glidden note, and the receipt mentions that note only, and has reference to that alone. The first note was to be taken in part payment, and the other four as collateral to the Glidden note. Glidden was not a surety, as the counsel for the plaintiff seems to suppose, but a joint note of the two. The receipt has no reference to the separate debt of Robinson, which, for any thing appearing in the case, was abundantly secured by the mortgage. As the note to which that in suit was collateral was paid before this suit was commenced, all right of the plaintiff to this note. had ceased, and he cannot maintain his action.

The opinion of the Court was by

WHITMAN C. J. — One Charles Robinson was owing the plaintiff several sums of money, and indorsed or delivered to him five several notes of hand, payable to the said Charles or bearer, against the defendant, and took from him a receipt specifying generally, that they were received as collateral security, and that one of them, particularly designated, and not the one in suit in this case, was to go towards a certain note, which the plaintiff held against the said Charles and one Glidden,

Sibley *v.* Robinson.

which, it appears, has been since paid, and saying nothing as to what other demands the residue were to be collateral security for.    All the other demands of the plaintiff against said Charles were secured, to a certain extent, by a mortgage of real estate.    The Judge, sitting at the trial, having intimated an opinion, that the plaintiff could not recover, a nonsuit was entered, which is to stand, unless the whole Court should be of a different opinion.

We must in this, as in all other cases of contract, endeavor to ascertain what was the intention of the parties.    There were five notes transferred.    One of them is specifically appropriated.    None of the others were so.    This seems to afford a clear indication that the latter were intended to secure other demands.    What other demands had the plaintiff to be secured ?    None but those already partially secured by a mortgage of real estate.    To the further security of these, then, it must have been intended that they should have been applied.    If otherwise, it would surely have been so expressed. One never would have been selected, and a particular direction given to it, if it were not intended that the others should have a different destination.

But it does not appear that the defendant can question the right of the plaintiff to recover.    The latter came fairly by the notes.    They were transferred to him by the payee, and for a valuable consideration, and no defence is pretended upon the merits.    What right has the defendant to question the validity of the plaintiff's claim to their contents ?    They are justly due from the defendant to some one.    It does not appear that even the payee questions the right of the plaintiff to recover.    In such case it has been repeatedly ruled in this State and Massachusetts, that the plaintiff, although but nominally such, may be allowed to recover for the benefit of the party in interest. *Sherwood* v. *Rogers*, 14 Pick. 172 ; *Hodges* v. *Holland*, 19 Pick. 43 ; *Bradford & al.* v. *Bucknam*, 3 Fairf. 15 ; *Fisk* v. *Bradford*, 7 Greenl. 28 ; *Bragg* v. *Greenleaf*, 14 Maine R. 395 ; *Marr* v. *Plummer*, 3 Greenl. 73.    In this last case the Court go further, and say, such " fact (viz. that the plaintiff

is but nominally such) is of no importance to the maker, except he has a defence, good as between him and the promisee."

This position is abundantly supported by the decisions of the Courts in New. York. *Mauran* v. *Lamb*, 7 Cow. 174; *Lovell* v. *Evertson*, 11 Johns. R. 52; *Gage* v. *Kendall*, 15 Wend. 640. In *Conroy* v. *Warren*, 3 Johns. Cases, 259, Mr. Justice Kent laid down the law, and it seems to have been fully concurred in by the other members of the Court, that " a note indorsed in blank, and one payable to bearer, are of the same nature ; they both go by delivery ; and possession proves property in both cases. If a question of *mala fide possessio*" arises, that is a matter of fact to be raised by the defendant. And if a note be indorsed in blank the Court never inquires into the right of the plaintiff whether he sues in his own right or as trustee."

*Nonsuit set aside.* — *New trial granted.*