Cook v. Cole.

AFFIRMED.

## COOK v. COLE.

1. **Receiver:** CORPORATION: MUTUAL ACCOUNTS. One who rendered legal services to a corporation upon an employment by its officers during the pendency of an action for the appointment of a receiver for its property, and before the property passed under the control of the receiver, was held to be entitled to set off the value of such services against an account due by him to the corporation, and which also accrued prior to the receivership, but not against a further account which accrued during the administration of the receiver.

2. ——: ——: CONTROL OF PROPERTY. Where an appeal was taken from the appointment of a receiver for the property of a corporation, and a supersedeas filed, it was held that the property did not pass into the custody of the law until the receiver actually took possession, after an affirmance by the Supreme Court, but that until such time, for all legitimate purposes, the custody and control of the property remained in the officers of the corporation.

*Appeal from Polk Circuit Court.*

THURSDAY, DECEMBER 9.

ACTION upon accounts for gas and coke furnished to defendant by the Des Moines Gas Company, and by plaintiff

as receiver of that company. The defendant pleads a counter-claim for services rendered by him as an attorney at law.

A judgment was rendered for plaintiff; only a part of defendant's counter-claim was allowed. Both parties appeal.

*Nourse, Kauffman & Jackson*, for plaintiff.

*Cole & Cole*, for defendant.

BECK, J.—I. The petition alleges that plaintiff was, on the 4th day of March, 1876, appointed receiver of the property of the Des Moines Gas Company in an action brought by the Charter Oak Ins. Co. to foreclose a deed of trust executed by the gas company upon its property; that defendant is indebted to the gas company in the sum of $161.80 for gas and coke furnished between October 31st, 1875, and July 31st, 1876; that after the appointment of the receiver he took charge of and operated the gas works, and thereafter furnished defendant with gas and coke to the amount of $192.62.

The defendant in his answer sets up a counter-claim, alleging that he was employed as the attorney at law of the gas company, and rendered services under such employment to the value of $850 in an action brought by the gas company against the City of Des Moines.

The following facts are disclosed by the special verdict and findings of the court.

The action wherein the receiver was appointed was commenced August 31st, 1875; the cross-bill of the Charter Oak Ins. Company, which prays the appointment of a receiver, was filed September 7th, 1875, and the receiver was appointed March 4th, 1876. From the order making this appointment an appeal was taken and supersedeas bond filed, and after the affirmance of the order, on the first of August, 1876, all the property of the company was turned over to the receiver.

The jury found that defendant was employed and rendered services for the gas company of the value of $700, and that

he was paid $300 by the company. He was employed, and his first services were rendered, February 1st, 1876.

The gas company, before the receiver took possession of the property, furnished gas and coke to defendant of the value of $161.80. The receiver, after· he went into possession of the property under his appointment, furnished defendant with gas and coke amounting in value to $192.62.

II. We will proceed to the statement of certain conclusions as to the rules of law applicable to the case. The right of defendant to recover for services performed by him before the property of the gas company became subject to the proceedings or order for the appointment of a receiver was not affected or changed thereby. After the property became subject to the authority of the receiver the rights of defendant then accruing are to be determined in view of the receivership. Before that time the receivership is not to be considered in determining the rights of the defendant. If defendant, before authority attached under the receivership to the property, had become indebted to the gas company, and that company owed defendant for services, the defendant could set off his claim against the demand of the gas company. In other words, when authority under the proceedings for the appointment of the receiver attached to the property of the gas company it divested no rights then existing. The receiver took the property subject to all rights of defendant and other persons then existing. These conclusions are supported by the most familiar principles, and do not demand for their support the citation of authorities.

III. An important inquiry, upon which the decision of the case turns, must now be· made. It is this: When did the property become subject to the proceedings for the appointment of the receiver; that is, when did it enter into the custody of the law?

It is very plain that the commencement of the proceedings for the appointment of the receiver did not subject the property of the gas company to the custody of law, and bring it

1. RECEIVER: corporation: mutual accounts.

2. —:—: control of property.

under the authority of the receiver. In our opinion the order which was stayed by the appeal and supersedeas did not have that effect, and that it only became subject to the custody of the law when it went into actual possession of the receiver. Prior to this time contracts of the gas company, entered into in the management of the business, and the exercise of the care of an owner over its property, must be regarded and enforced by the receiver and the court. It may be, but the point is not in the case and we do not decide it, that no contract for the alienation of the property would be effective. We are of the opinion that no contract made after the proceedings were instituted, intended to control or provide for the management of the company's business after a receiver should be appointed, would be enforced, for the reason that the object to be attained by the appointment of the receiver could be in that manner defeated. But the gas company was authorized to make all contracts for the present management and control of its property before the receiver took possession thereof. If this were not the law the property would be subject to waste and destruction pending the proceedings for the appointment of the receiver. This authority of the gas company extended to the employment of servants, officers and agents for the proper management of its business, and to the employment of attorneys and counsel for the prosecution of suits to enforce its rights and protect its property. If it had not the authority to do these things the property may have become lost to its creditors. The following authorities support the conclusions announced in this and the preceding paragraph of this opinion. *Fosdick v. Schall,* 99 U. S., 235; High on Receivers, §§ 201, 204, 245, 247, 318, 319, 333; *Van Wagoner v. The Patterson Gas Light Co.,* 3 Zabriskie, 283.

In the *Des Moines Gas Co. v. West et al.,* 50 Iowa, 16, we ruled that an attorney for the defendant, in a proceeding for the appointment of a receiver, did not hold a lien for his fees upon the funds in the hands of the receiver, which would be

Cook v. Cole.

superior to the liens of the trust deed enforced in the proceedings. The funds were a part of the property which came into the hands of the receiver when he entered upon the discharge of his duty. The attorney's fees were earned in the case wherein the receiver was appointed. The decision has no bearing upon the case before us.

Applying the principles we have announced to the facts of this case we reach the conclusion that the Circuit Court erred in not allowing defendant's counter-claim against all charges for gas and coke delivered to him before the receiver actually took possession of the property of the gas company. The amount of these charges is $161.80.

The defendant cannot set off his claim against the plaintiff's claim for gas and coke sold by the receiver after the property came into his hands, August 1st, 1876. The plaintiff is entitled to judgment for $192.62, and interest as provided by law. The judgment will be affirmed on plaintiff's appeal and reversed on defendant's appeal, and the case will be remanded for judgment in accord with this opinion, or at the option of defendant such a judgment may be entered in this court. Plaintiff will pay the costs of both appeals.

AFFIRMED ON PLAINTIFF'S APPEAL.

REVERSED ON DEFENDANT'S APPEAL.