## Chicago Architectural Iron Works v. Edward B. McKey, Receiver, etc.

1. PRACTICE—*Allowance of Amendments After Demurrer—Discretion of the Court.*—The matter of granting a party leave to amend his pleading after a demurrer has been sustained to it, is one resting in the discretion of the court, where the proposed amendment is not submitted to the court.

2. SET-OFF—*Of Claims Against Insolvents in the Hands of Receivers.* —A set-off can not be allowed to the debtor of an insolvent against the claim of a receiver who represents the creditors, even when the set-off is urged against a claim which became due to the receiver in the course of his management of the estate.

Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed February 14, 1901.

**Statement.**—The order here appealed from was entered in a cause wherein appellee was appointed receiver of the Great Northern Theatre and Hotel Company, a corporation. Appellant was and had been for some time a tenant of the Great Northern Theatre and Hotel Company. The receiver petitioned the court for an order upon appellant to show cause why it should not pay rent due, which had accrued. partly before and partly after the possession of the receiver. Appellant answered that it had a valid set-off by reason of work and materials furnished the Great Northern Theatre and Hotel Company before the appointment of the receiver. Appellee demurred to this answer. The court sustained the demurrer and entered an order finding that there was due the receiver as rent the sum of $150, for rent accrued after the appointment of the receiver, and disallowing claim for rent accrued before the receivership. Leave to appellant to amend its answer was denied.

Frederick L. Brooks, attorney for appellant.

Morrison & Bethea, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

No other question is raised upon this appeal save that the set-off should have been allowed, that the appellant should have been allowed to amend its answer, and that evidence should have been heard by the court or a reference ordered to a master in chancery for an accounting.

There can be no question as to the order of the court refusing appellant leave to amend its answer. No amendment was prepared and presented to the court. It was a matter resting in the discretion of the court to allow or refuse, when no amendment was presented, and we can not say that the exercise of discretion was abused. McFarland v. Claypool, 128 Ill. 397; Ridgely Bank v. Fairbank, 54 Ill. App. 296.

The provision of the statute, Chap. 7, Sec. 1, relied upon by counsel, is not mandatory upon the court to grant leave to interpose new defenses upon mere application of the party. Phenix Ins. Co. v. Stocks, 149 Ill. 319.

The fact that no hearing of witnesses was had and no reference to a master ordered, is of no consequence if the demurrer was properly sustained. The amount of rent due was established. No question is presented of a right to trial by jury.

The only question, therefore, of controlling importance, is as to the validity of the set-off set up by the answer. The receiver was appointed at the instance of creditors, of the Great Northern Theatre and Hotel Company.

It is unnecessary to consider the question as to whether any set-off is allowed to the debtor of an insolvent as against the claim of a receiver who represents the creditors, even when the set-off is urged against a claim due to the insolvent before the receivership. For in no event could a claim of the debtor, which had accrued before the receiver was appointed, be set off as against a claim which had accrued after the receiver was appointed, and was therefore due to the receiver, and had never been due to the insolvent. The claim as here allowed was for rent due to the receiver by reason of his having permitted the appellant to occupy the premises which were under his control as receiver. This claim and the claim of appellant against the Great Northern Theatre and Hotel Company can not be treated as such mutual claims, due in the same capacity, as to permit of an application of the doctrine of set-off. Singerly v. Fox, 75 Pa. St. 112.

Therefore the chancellor properly disallowed the claim of set-off so far as it was urged against the claim which had accrued after the receiver had been appointed.

No cross-errors are assigned upon the allowance of the set-off to the extent of rent due when the receivership began.

The order is affirmed.