## PEOPLE'S NAT. BANK OF HACKENSACK v. RICE et al.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

BILLS AND NOTES (§ 443*)—ACTIONS—ORDERS—REAL PARTY IN INTEREST—
HOLDER.

That a payee of a note gave the indorsee a check for the amount due thereon as collateral for its collection by the indorsee by suit would not prevent the indorsee from suing thereon on the ground that he was not the real party in interest; he being the holder and entitled to collect the note as against the maker, irrespective of whether the indorsee had been paid as between him and the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1377–1423; Dec. Dig. § 443.*]

Appeal from Trial Term, New York County.

Action by the People's National Bank of Hackensack against Clarence B. Rice and another. From a judgment of nonsuit, and an order denying a motion to set it aside, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, McLAUGHLIN, and SCOTT, JJ.

Herbert B. Shoemaker, for appellant.
Elisha B. Powell, for respondents.

SCOTT, J. Plaintiff appeals from a judgment in favor of defendant entered upon a nonsuit.

The action is upon a promissory note made by defendants to the order of Oliver Bros. Purchasing Company, by whom it was indorsed and transferred to plaintiff for value and, as alleged, before maturity. Upon the trial plaintiff produced the note, and proved that it had discounted it on October 10, 1907, paying full value therefor, and that the amount paid was credited to the account of the copartnership of Oliver Bros., because the Purchasing Company, the payee named in the note, had no account with plaintiff. The note matured on March 9, 1908, and was not paid, whereupon, at the request of one of the firm of Oliver Bros., plaintiff agreed to sue the makers, on condition that the indorser would deposit collateral, and would pay or guarantee the costs and expenses of the action. Said member of the firm of Oliver Bros. thereupon gave plaintiff a check for the amount due on the note as collateral security for its collection. This check was accepted and collected by plaintiff, which holds the proceeds.

Upon the trial, upon this state of facts, the complaint was dismissed upon the ground that plaintiff was not the real party in interest; the court being of the opinion that the deposit of the cash collateral amounted to a payment of the note so far as concerned plaintiff. This was clear error. The plaintiff still remained the holder of the note, and as such is entitled to collect it from the makers. Whether, as between the indorser and the holder, the latter has been secured or paid, is no concern of the maker beyond the inquiry

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether he may become liable to different persons for the same debt and encounter the danger of paying it twice. There is no such peril here present, for a judgment in favor of the holder, the plaintiff, would be a bar to any other suit on the same note, and payment to the holder would discharge the note utterly. Madison Square Savings Bank v. Pierce, 137 N. Y. 444, 33 N. E. 557, 20 L. R. A. 335, 33 Am. St. Rep. 751; Twelfth Ward Bank v. Brooks, 63 App. Div. 220, 71 N. Y. Supp. 388; Hayes v. Hathorn, 74 N. Y. 486.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.