CHIPLEY STATE BANK, *Plaintiff in Error.* v. J. B. McNEILL, RECEIVER PENSACOLA STATE BANK, *Defendant in Error.*

Opinion filed June 9, 1919.

1. Where dividends on corporate stock owned by an insolvent accrue and are declared after such stock passes to a receiver, the corporation declaring the dividends can not set off a debt due it by the insolvent against an action by the receiver to recover such dividends.

2. The right of set off against the receiver of a bank is to be governed by the state of things existing at the time of insolvency and not by conditions thereafter created.

A Writ of Error to the Circuit Court for Washington County; A. G. Campbell, Judge.

Judgment affirmed.

*Wm. F. Phillips,* for Plaintiff in Error.

*John P. Stokes* and *Scott M. Loftin,* for Defendant in Error.

REAVES, CIRCUIT JUDGE.—The Pensacola State Bank became insolvent and the defendant in error was appointed receiver in December, 1913. At the time of its failure the Pensacola Bank owed the Chipley State Bank and also owned capital stock of the Chipley Bank. Of course the assets of the Pensacoula Bank, including its stock in the Chipley Bank passed to the receiver for the benefit of all its creditors upon the appointment of the receiver in December, 1913.

Thereafter, and while the receiver still held such stock, the Chipley Bank declared a dividend on all its stock for the year 1916, but refused to pay such dividend to the receiver, claiming the right to set off the amount thereof against the unpaid balance due it from the insolvent Pensacola Bank, and whether such right exists is the only question involved in this case.

If a bank becomes insolvent and a receiver is appointed for its effects, its depositors may set off the amount due on their deposits against any amount they may owe the

bank. State v, Brobston, 94 Ga. 95, 21 S. E. Rep. 146, 47 Am. St. Rep. 138; Robinson v. Aird, 43 Fla. 30, 29 South. Rep. 633.

But "the right of set-off against the receiver of a bank is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created." 7 C. J. §536.

The receiver represents the creditors and any dividend earned by the stock after it passed to the receiver, belonged to the receiver for the benefit of all the creditors and could not be applied by the Chipley Bank to the reduction of its own claim at the expense of other creditors of the Pensacola Bank.

The dividend was wholly earned and declared long after the reeciver was appointed and it never was the property of the insolvent bank actually or potentially, and hence could not be pleaded as a set off against this suit of the receiver. Chicago Architectural Iron Works v. McKey, 93 Ill. App. 244; Wheeling Bridge & Terminal Ry. Co. v. Cochran, 68 Fed. Rep. 141; Cook v. Cole, 55 Iowa 70, 7 N. W. Rep. 419; Farmers' Loan & Trust Co. v. Northern Pacific R. Co., 58 Fed. Rep. 257.

The judgment should be affirmed.

PER CURIAM.—The record in this cause having been considerd by this court, and the foregoing opinion, prepared under Chapter ——, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby affirmed.

BROWNE. C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.