H. H. Brown and H. T. Brown, *Plaintiffs in Error*, v. The First National Bank of Panama City, a corporation, *Defendant in Error*.

Opinion Filed July 19, 1923.

1. The holder of a negotiable instrument, to whom it has been endorsed and delivered as collateral security for the payment of a debt, or to whom it has been endorsed and delivered for collection, may maintain an action to enforce its payment.

2. The holder of a negotiable instrument, to whom it has been pledged as collateral security for the payment of a debt, may, in the absence of intervening equities, maintain an action to enforce its payment after the principal debt has been paid.

3. The collection of a negotiable instrument by a pledgee operates to discharge the instrument.

A Writ of Error to the Circuit Court for Bay County; D. J. Jones, Judge.

Affirmed.

*H. S. Laird,* for Plaintiff in Error;

*J. M. Sapp,* for Defendant in Error.

West, J.—This is an action to recover a balance due on a promissory note with attorney fees and costs of suit. The note sued on, according to the allegations of the declaration, was made by the defendants H. H. Brown and H. T. Brown and was payable to the order of R. F. Mitchell, J. W. Tiller and W. E. Tiller. Subsequently R. F. Mitchell endorsed and transferred his interest in the note, without recourse, to J. W. Tiller and W. E. Tiller who, for

a valuable consideration, endorsed, transferred and delivered the note to the plaintiff. The defendants made certain payments upon the note but failed to pay the amount in full, whereupon suit was brought. Pleas were filed to the declaration by defendants, to which a demurrer was sustained. Amended pleas were filed, which were also held bad on demurrer. Defendants declined to plead further and default judgment was entered against them, after which, at a regular term of the court, the damages of plaintiff were assessed by a jury and upon the verdict returned final judgment was entered in favor of plaintiff and against defendants for the amount found by the jury to be due on the note. Writ of error was taken from this court. There are three assignments of error. The first is abandoned.

The second assignment of error alleges error in the order sustaining plaintiff's demurrer to defendant's amended pleas. The defense sought to be interposed by the amended pleas of defendants in that the note sued upon was deposited by J. W. Tiller and W. E. Tiller with plaintiff and held by it as collateral security for the payment of certain indebtedness of the Tillers to the plaintiff, which indebtedness, according to the averments of the pleas, had, before the institution of the suit, been paid, whereby plaintiff had been divested of all right and title to and right of possession of the note sued on, and the possession of the note by plaintiff was and is *mala fides* and without consideration.

That the holder of a note to whom it has been endorsed, and delivered as collateral security for the payment of a debt, or to whom it has been endorsed, and delivered for collection, may maintain an action to enforce its payment, is well established in this jurisdiction. Camp Lumber Co. v. State Savings Bank, 59 Fla. 455, 51 South. Rep. 543;

Withers v. Sandlin, 36 Fla. 619, 18 South. Rep. 856; Mc-Callum and Greeley v. Driggs, 35 Fla. 277, 17 South. Rep. 407. Whether such action may be prosecuted by the pledges of a note held as collateral security, where the debt, to secure which the note has been pledged, is paid before suit, has not been passed upon by this court, and upon this question the authorities are not in full accord, some upholding the right of the pledgee to bring suit after the debt is paid, while others take the contrary view. It is held generally that payment of the principal debt after suit is brought upon the note held as collateral, will not divest the plaintiff holder of the right to continue to prosecute the action for the benefit of the real owner. Coats v. Mutual Alliance Trust Co., 174 Ala. 565, 56 South. Rep. 915; McNary v. Farmers' Nat'l. Bank, 33 Okla. 1, 124 Pac. Rep. 286, Ann. Cas. 1914B, 248. We think that the sounder view is that in the absence of intervening equities such action may be maintained by the pledgee after the principal debt has been paid. This is consistent with the former holding of this Court that an action upon a promissory note may be maintained by one to whom it is endorsed for collection. McCollum and Greeley v. Driggs, *supra*. It could make no difference to the maker whether payment is made by him to the payee or to the holder to whom the note had, previous to the bringing of suit, been pledged. Payment to the pledgee holder in due course would discharge the instrument. The following authorities uphold the right of the pledgee to prosecute the action upon a note held as collateral security after the payment of the debt, the payment of which it was pledged to secure. Sibley v. Robinson, 23 Me. 70; People's Nat'l. Bank v. Rice, 149 App. Div. 18, 133 N. Y. S. 622; Logan v. Cassell, 88 Penn. St. 288, 32 Am. Rep. 453; Bannister v. Kenton, 46 Mo. App. 462.

In Logan v. Cassell, *supra,* the Court said:· ''Whether the plaintiff sued for himself, or as trustee for the payee, constituted no defense for the maker, unless he was thereby deprived of some equitable defense which he may have had against the payee. (Cases cited.) Hence, although the notes were taken by the plaintiff as collateral and he had been fully paid the debt for which they were pledged, so that he had no right of property therein as against the payee; yet still the plaintiff was entitled to recover unless the defendant had fully paid them to the payee.''

The statement in the amended pleas that plaintiff's possession of the note is *mala fides* and without consideration, is a mere conclusion. The amended pleas set up no defense to the action and there was no error in sustaining the demurrer to them.

The third assignment alleges error in entering final judgment for plaintiff. No bill of exceptions is contained in the transcript of the record. The declaration states a cause of action. In the absence of any plea or any record of the proceedings in the trial, it cannot be said that error was committed in entering judgment for plaintiff.

Affirmed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.