ERIE TRANSFER CO. v. J. CUTLER IRON WORKS, Inc.

Ex parte LAND FINANCE CORPORATION.

CENTRAL MERCANTILE BANK & TRUST CO. v. STRONGIN.

No. 166.

Circuit Court of Appeals, Second Circuit.

Feb. 16, 1931.

Samuel Goldberg, of New York City (Leopold Blumberg, of New York City, of counsel), for appellant.

Toney A. Hardy, of New York City, for intervener-appellee Central Mercantile Bank & Trust Co.

Lewis, Marks & Kanter, of Brooklyn, N. Y. (David Haar, of New York City, of counsel), for receiver-appellee Strongin.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above).

The appellant contends that the intervener, Central Mercantile Bank & Trust Company, had no standing or right to intervene in this proceeding on behalf of the bankrupt estate of Fain and Klausner. While we do not regard this as an important consideration, for the reason that the intervener has failed to establish any claim and has not appealed, the right of a petitioning creditor to assert claims on behalf of a bankrupt estate when, as here, no trustee has been elected, has been recognized both by the Bankruptcy Act, § 64b(2), 11 USCA § 104(b)(2), and by the courts. Frost v. Latham & Co. (C. C. A.) 181 F. 866; In re Buchanan (C. C. A.) 219 F. 492. The question is whether the receiver ought to be required to pay off the certificate to a holder who acquired it as pledgee, but who, in spite of the fact that his lien has been found to be completely dis-

charged, is claiming the right to the proceeds as pledgee or purchaser for value.

The mere fact that the holder of the certificate is a paid pledgee does not prevent him from suing to collect the obligation. Gleason v. District of Columbia, 127 U. S. 133, 8 S. Ct. 1118, 32 L. Ed. 92; Laughlin v. District of Columbia, 116 U. S. 485, 6 S. Ct. 472, 29 L. Ed. 701; Sheridan v. Mayor, 68 N. Y. 30; Hays v. Hathorn, 74 N. Y. 486; Medler v. Childers, 17 N. M. 530, 131 P. 490; Mauran v. Lamb, 7 Cow. (N. Y.) 174; Hatch v. Brewster, 53 Barb. (N. Y.) 276; People's Nat. Bank v. Rice, 149 App. Div. 18, 133 N. Y. S. 622; Sibley v. Robinson, 23 Me. 70; Logan v. Cassell, 88 Pa. 288, 32 Am. Rep. 453; Brown v. First Nat. Bank, 86 Fla. 198, 97 So. 351; McNary v. Farmers' Nat. Bank, 33 Okl. 1, 124 P. 286, 41 L. R. A. (N. S.) 1009, Ann. Cas. 1914B, 248; Von Tobel v. Stetson & Post Mill. Co., 32 Wash. 683, 73 P. 788. These cases hold that payment of the indebtedness of the pledgor is no defense which the obligor can invoke against a holder in due course of a negotiable instrument. This is true of negotiable paper whether acquired before or after maturity, and is also true of nonnegotiable choses in action like the receiver's certificate. Sheridan v. Mayor, supra. Here Land Finance Corporation is the "bearer" of the certificate and as such comes directly within the description of a person entitled to payment. The receiver interposed no answer, so that Land Finance Corporation by mere proof that it was the bearer would have sustained all the necessary allegations of its petition. But, upon trial of the issues raised by the intervener, facts developed indicating that Land Finance Corporation had no interest in the certificate and could only recover for the benefit of some other person. But it is not seeking to recover as trustee, but claims the right to apply any payment to its own use because of an alleged lien to secure the indebtedness of Drakes Drinks, Inc. In other words, the receiver has had notice that a breach of trust is likely to occur if the purpose originally declared should be carried out by Land Finance Corporation. If with such notice he should pay the certificates to Land Finance Corporation, he might be in the position of a bank that allows a corporate officer or agent to withdraw corporate funds for his personal use and might incur liability for participating in a breach of trust. Bischoff v. Yorkville Bank, 218 N. Y. 106, 112 N. E. 759, L. R. A. 1916F, 1059; Wagner Trading Co. v. Battery Park Nat. Bank, 228 N. Y. 37, 126 N. E. 347, 9 A. L. R. 340; Weissman v. Banque De Bruxelles, 254 N. Y. 488, 173 N. E. 835; Allen v. Puritan Trust Co., 211 Mass. 409, 97 N. E. 916, L. R. A. 1915C, 518; Farmers' Bank v. U. S. Fidelity & Guaranty Co. (C. C. A.) 28 F.(2d) 676; John v. Dodwell & Co., [1918] A. C. 563; Underwood, Limited, v. Bank of Liverpool, [1924] 1 K. B. 775. Because of this notice, and not because a paid pledgee cannot collect an obligation which was originally transferred to him as security, we think the receiver should have applied to bring in Drakes Drinks, Inc., and the Burnee Corporation, one or the other of which seems to be the beneficial owner of the certificate. Williston on Contracts, § 432; American Law Institute Restatement of the Law of Contracts, § 170 (3). Instead of doing this, he relied upon the order of the District Court directing him to set aside the principal amount of the certificate and accrued interest as a special fund to await further disposition. This order indefinitely postponed or entirely precluded Land Finance Corporation, though the latter had the legal title to the certificate and was entitled to payment unless the parties having the beneficial ownership of the certificate should prevent. Because the receiver relied on this order, though erroneously, we are disposed to give him another chance to bring in Drakes Drinks, Inc., and the Burnee Corporation, so that he may incur no risk of making the payment to a trustee where he has notice of a threatened breach of trust.

The order is so modified as to allow the receiver, within ten days after the filing of our mandate in the District Court, to bring in Drakes Drinks, Inc., and the Burnee Corporation, or either of them, and, in the event of failure so to do, to direct the receiver to pay the certificate to Land Finance Corporation.