PAUL T. BUTLER, *Petitioner* vs. W. H. TUNNICLIFFE, as Liquidator of the State Bank of Orlando and Trust Company, etc., et al., *Respondents.*

140 So. 201.

Division B.

Opinion filed March 16, 1932.

Petition for rehearing denied April 23, 1932.

*Pleus, Williams & Pleus,* for Petitioner;

*H. M. Voorhis* and *J. R. Wells,* for Respondent.

BUFORD, C.J.—This case is before us on certiorari to a judgment of the Circuit Court of Orange County reversing a judgment in favor of the petitioner of the County Court of Orange County.

Tunnicliffe, as Liquidator of the State Bank of Orlando, sued Dr. Paul T. Butler for certain rents which had accrued under a lease wherein State Bank of Orlando & Trust Company was the lessor and Dr. Paul T. Butler was the lessee. The lease was for two years from the first day of February, 1928, at $1050.00 per year in equal monthly installments of $87.50 each payable in advance on the first day of each and every calendar month during said term. The suit was for the installments accruing September 1st, October 1st, November 1st and December 1st, 1929, and January 1st, 1930. The Bank went into the hands of Tilden as Liquidator who was predecessor in that office to Tunnicliffe, the plaintiff, on August 5th, 1929.

To the declaration Dr. Butler filed a plea of set-off by which he sought to set off against the claim interposed by the Liquidator so much of certain deposits held by him

in the Bank at and before its insolvency as might be necessary to discharge plaintiff's claim.

There were three accounts of deposit in the Bank when it closed which Dr. Butler sought to set off against this claim. One deposit was in the name of Paul T. Butler for $275.54; another deposit was in the name of "Paul T. Butler or Lottie G. Butler" in the sum of $54.41 and a savings account, pass book No. 7738, "Paul T. or Lottie G. Butler" $719.47, making a total of $1049.42.

There was some question raised in the lower court as to whether, in the event Butler had the right to plead set-off of a deposit in the Bank at the time it failed against the claim, he could even then plead off-set of accounts which were in the name of himself and/or his wife, Lottie G. Butler. In our view of the main question involved in the case this secondary question becomes immaterial.

Petitioner's right to bring this matter for review by certiorari has been established in this jurisdiction in the case of Ulsch vs. Mountain City Mill Co., opinion filed December 21, 1931, reported 138 Sou. 483.

The only question necessary for us to determine is whether or not in a suit by a Liquidator for rents which have accrued after a Bank went into liquidation under the terms of a written contract of lease made by the Bank to a tenant prior to its insolvency, the defendant tenant could set off the indebtedness of the Bank to him existing by reason of deposits to his credit in the Bank at the time it went into liquidation. We think the law of this question is ruled by the reasoning and judgment in the case of Chipley State Bank vs. McNeil, 77 Fla. 825, 82 Sou. 292. In that case it was held:

"If a bank becomes insolvent and a receiver is appointed for its effects, its depositors may set off the amount due on their deposits against any amount they may owe the bank. State v. Brobston, 94 Ga. 95; 21

S. E. Rep. 146, 47 Am. St. Rep. 138; Robinson v. Aird, 43 Fla. 30, 29 South. Rep. 633.

But, 'the right of set-off against the receiver of a bank is to be governed by the state of things existing at the moment of insolvency and not by conditions thereafter created.' 7 C. J. #536.

The receiver represents the creditors and any dividend earned by the stock after it passed to the receiver, belonged to the receiver for the benefit of all the creditors and could not be applied by the Chipley Bank to the reduction of its own claim at the expense of other creditors of the Pensacola Bank.

The dividend was wholly earned and declared long after the receiver was appointed and it never was the property of the insolvent bank actually or potentially, and hence could not be pleaded as a set-off against this suit of the receiver. Chicago Architectural Iron Works vs. McKey, 93 Ill. App. 244; Wheeling Bridge & Terminal Ry. Co. vs. Cochran, 68 Fed. Rep. 141; Cook v. Cole, 55 Iowa 70, 7 N. W. Rep. 419; Farmers' Loan & Trust Co. v. Northern Pacific R. Co., 58 Fed. Rep. 257.''

It is contended by the petitioner that because the suit by the Liquidator was based upon the lease which was held by the Bank at the time of its insolvency that the cause of action was an asset coming to the hands of the Liquidator at the time of insolvency and that said suit is one to realize on that asset and that because the basis of the suit is the lease and not a right of action based on use and occupation, the lease being in existence at the time of insolvency, a deposit in the bank at the time of insolvency may be set off against a claim for rent accruing under the lease. We find ourselves unable to accept this view.

It is alleged in the declaration, and otherwise in the record, that the leased premises constituted assets of the Bank at the time it was placed in the hands of the Liquidator and that all of the rents sued for have accrued to the Liquidator on this asset (the property leased) since the same has been in his hands as Liquidator.

As we see it, it could make no difference whether the property leased had been real or personal property. In either event the rental accruing after the property came into the hands of the Liquidator would constitute earnings of the property in the hands of the Liquidator, although the amount of the earnings was based on a contract of lease made by the Bank prior to its going into liquidation.

Let us suppose that instead of this lease being for a stated amount per annum payable in monthly installments for rooms in the bank building, it had been for a ferry owned by the Bank and leased to the lessee for one-half of its annual earnings to be paid monthly on account stated showing the earnings for that month and the suit was brought to collect from the lessee one-half of the monthly earnings of a ferry for a period of five months succeeding the insolvency of the Bank and its going into liquidation. It appears that there could be no question but that the rule as stated in the Chipley State Bank case, supra, would apply because we can see no difference in the rule of law to be applied to the earnings of a ferry and the earnings of capital stock owned in another corporation. Neither can we see that it would make any difference whether the lease contract was for a part of the earnings or was for a definite sum per annum payable in monthly installments as rental for the ferry. In this case the bank building, an asset of the insolvent Bank, came to the hands of the Liquidator with certain earning capacity. That earning capacity in part was represented and fixed by a certain lease contract under which Dr. Butler held certain rooms in the bank building and as increment from that asset its earnings accrued just as did the earnings of the capital stock of the Chipley State Bank in the hands of McNeil as Receiver of the Pensacola State Bank. As this increment accrued after the insolvency of the State Bank of Orlando & Trust Company, it accrued to the Liquidator for the benefit of all the creditors and could

not be applied by Butler to the reduction of his own claim at the expense of other creditors of the State Bank of Orlando & Trust Copmany.

For the reasons stated, the writ of certiorari should be quashed and it is so ordered.

Quashed.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.

DAVIS, J. (Concurring).—I concur in all that has been said by Chief Justice Buford. In addition to that, it seems to me clear that the right of a depositor to set off his deposit against the liquidator of an insolvent bank is not based upon the statute of set-off at all, but is based upon the principle that the assets of the defunct bank extend no further than the balance due the bank by the depositor after deducting his deposit. If the statute of set-off is applicable, the depositor would be entitled to a judgment against the liquidator for an excess of his deposit over the bank's debt, which would in turn run counter to the statute allowing preference. For that reason I do not think the set-off statute applicable to cases like this.

BUFORD, C.J., AND WHITFIELD AND ELLIS, J.J., concur.