W. G. JONES, *Plaintiff in Error*, v. CENTRAL HANOVER BANK AND TRUST COMPANY, a corporation, *Defendant in. Error.*

147 So. 895.

Opinion filed May 4, 1933.

Re-hearing denied May 22, 1933.

*Walker & Willson,* for Plaintiff in Error;

*McKillop & Hamilton,* for Defendant in Error.

DAVIS, C. J.—This action was brought in the Circuit Court of Polk County by the Central Hanover Bank &· Trust Company, defendant in error, against W. G. Jones, plaintiff in error, upon an ordinary promissory note given by Jones to the State Bank of Bartow, and by it endorsed and delivered to the Central Hanover Bank & Trust Company. There was judgment for the plaintiff on a demurrer to defendant's amended pleas and defendant took this writ of error.

In substance the pleas held bad on demurrer tended to show that the promissory note sued upon, had been endorsed and delivered by the State Bank of Bartow to Central Hanover Bank & Trust Company, the plaintiff in this suit, as collateral security for money borrowed by the State Bank of Bartow from said Central Hanover Bank & Trust Company; that the State Bank of Bartow thereafter became insolvent and was placed by the State banking authorities in the hands of a liquidator; that subsequent to the insolvency of the State Bank of Bartow and the appointment of a liquidator for it that the said Central Hanover Bank & Trust Company had filed its claim against the liquidator on the indebtedness due to it by said State Bank of Bartow, and had received a dividend thereon; that the dividend so paid was a general dividend and was claimed and allowed by the liquidator of said State Bank of Bartow to said Central Hanover Bank & Trust Company on the basis of the full amount of the latter bank's secured debt, without surrender of its collateral or the giving of any credit therefor with respect to any proceeds collected by it on its collateral held as security for its said claim; that defendant Jones, at the time the State Bank of Bartow closed, had on deposit in said State Bank of Bartow a sum of money to his credit which was far in excess of any liability on his note to the defunct bank; that because Central Hanover Bank & Trust Company had not surrendered its collateral to the liquidator when making claim against the liquidator for a dividend on the debt due to it by State Bank of Bartow, the said Central Hanover Bank & Trust Company was to be deemed a holder of the note sued on, *mala fides,* and thereby barred from having any judgment against defendant thereon.

The right of set-off against the liquidator of the bank is to be governed by the state of things existing at the time of insolvency of the bank and not by conditions thereafter cre-

ated. Chipley State Bank v. McNeill, 77 Fla. 827, 82 Sou. Rep. 292.

Conceding *arguendo* in this case that because the State Bank of Bartow was nevertheless still the owner of its pledged note at the time such bank became insolvent, and that thereby a right of set-off of his' deposit could be asserted by Jones against the State Bank of Bartow, if liquidator and not the pledgee were the plaintiff in this case, the question presented by the defendant's pleas is whether or not the alleged unauthorized act of the liquidator in paying a general dividend on Central Hanover Bank & Trust Company's claim as a common debt, without requiring a surrender of the collateral security it held for that debt, can be pleaded as a defense to a suit at law on the note when brought by Central Hanover Bank & Trust Company as endorsee, merely because a right of set-off would exist against the amount of the note, if the collateral note had been surrendered to the liquidator and were sued upon by him.

Our conclusion is that such defense was properly held to be inadmissible, because of the rules governing defenses to suits on negotiable instruments when brought by a legal holder of the paper, though such legal holder be one as against whom the payee may have some good equity.

In a suit at law brought by an endorsee of a negotiable instrument against the maker thereof, it is enough that the plaintiff's title appears to be good as against the defendant maker. One who holds the full legal title to a promissory note by assignment, may maintain an action thereon against the maker, notwithstanding he has no beneficial interest in the proceeds. The title or interest of the holder of commercial paper cannot be disputed or inquired into unless necessary for the purpose of a legitimate defense, nor unless a meritorious defense is presented. The maker of commercial paper cannot, as against the endorsee holder thereof, de-

fend against it upon the ground that the holder is not a *bona fide* holder for value, unless he at the same time asserts some good defense against the original payee or holder which would be good against the latter if he were the plaintiff, in which case he may challenge the *bona fides* of the endorsee's holding in order to let in a defense that would be good against the original payee or his endorsee, where to deny him that privilege would deprive him of the benefit of such defense. 3 R. C. L. 990.

Jones in effect by his pleas has recognized the force of the foregoing statement of law, and has attempted to bring himself within its rule. by setting up against the original payee an alleged right of set-off, the benefit of pleading which he says is being denied him, because of the situation that exists in this suit wherein the original payee is not the plaintiff.

It is not a good plea to allege that a note sued on is the property of another, and not of the plaintiff, without showing some substantial matter of defense against the one asserted to be the owner, and which could not be set up against the plaintiff. Brown v. First National Bank, 86 Fla. 198. 97 Sou. Rep. 351; McCallum v. Driggs, 35 Fla. 277, 17 Sou. Rep. 407; Gregory v. McNealy, 12 Fla. 578.

If plaintiff in a suit on commercial paper is vested with the legal title he may maintain an action on such paper without regard to equities exisiting between himself and his assignor or endorser. The rule is· that the holder may sue, although not the full owner, if the maker is not thereby prejudiced in his defense. 8 C. J. 822. There is, of course, an apparent exception to this rule where plaintiff's *possession* of the paper he sues on is *mala fides.*

But the mere reception by a bank, the holder of collateral, of an unauthorized payment of a general dividend by a bank liquidator who has failed to require the defendant bank's

secured creditor's collateral to be surrendered as a condition precedent to being given such dividend payment (conceding *arguendo* that a liquidator should require the surrender of a secured creditor's collateral before paying him a general dividend), does not convert what was originally by a lawful holding of a collateral note into a holding *mala fides*.

If any equities have arisen between the liquidation of the State Bank of Bartow and the Central Hanover Bank & Trust Company, concerning the collateral transactions involved between the liquidator and the Hanover Central Bank & Trust Company, they have created no special defense in favor of the maker of a collateral note who prior thereto, had become legally liable thereon to his endorsee now suing as such.

Defendant's remedy, if he has been injured in his status as a depositor of the defunct bank, is to present his complaint to the Comptroller, questioning the liquidator's alleged unlawful acts in paying out general dividends to secured creditors without requiring surrender by them of the collateral security they may hold, or the giving of credit therefor. He may also seek an injunction against such payments, if his complaint against the liquidator is ignored and assets are shown about to be improperly paid out. See Therrell v. Rinaman (Fla.) 144 Sou. Rep. 327, decided at the last term.

The demurrers to the pleas were properly sustained, so the judgment must be affirmed.

Affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., concurs specially.

ELLIS, J., (concurring)—It seems to me that the situation which gave rise to the litigation in this case may be tersely stated as follows: Jones was indebted to the State Bank of Bartow in the sum of $500.00. He executed a

negotiable promissory note to the Bank in that amount dated March 13, 1929, payable ninety days after date as evidence of such indebtedness. The Bank before maturity endorsed the note to the Hanover Bank and Trust Company of New York as collateral security for a debt which the payee owed to the latter Bank. The Bank of Bartow became insolvent and was placed by State authority in the hands of a Liquidator. The Hanover Bank filed its claim with the Liquidator and received a dividend of twenty-five per cent. Then, in April, 1930, the Hanover Bank began its action against Jones on the promissory note. When the Bartow Bank failed Jones was a depositor, having to his credit a sum larger than the amount due on the promissory note. In these circumstances has the Hanover Bank lost its right of action against Jones on the note?

The sole question is, should the Hanover Bank have surrendered the note to the Liquidator of the Bartow Bank when the former filed its claim with the Liquidator for the full amount of the Bartow Bank's indebtedness to the Hanover Bank? If it had done so then Jones claims that in an action by the Liquidator against him he could have set off the amount of his deposit in the Bartow Bank when the latter became insolvent. See Butler v. Tunnicliffe (Fla.), 140 South. Rep. 201; Robinson v. Aird, 43 Fla. 30, 29 South. Rep. 633; Chipley State Bank v. McNeill, 77 Fla. 827, 82 South. Rep. 292.

In Dickinson v. Tunnicliffe (Fla.), 141 South. Rep. 597, this Court recognized the principle that a debtor to an insolvent bank may set off the amount of his deposit in an action by the Liquidator against the debtor on the latter's indebtedness, but the distinction was made that in such case the right of set-off against the Liquidator is to be governed by the state of things existing at the time of insolvency and not by conditions thereafter created.

Now when the bank failed what was the state of things then existing as between the maker of the note, Jones, and the Bartow Bank? Jones' note had passed into the hands of the Hanover Bank as a holder in due course, and Jones had no set-off against the Hanover Bank by reason of being a depositor of the Bartow Bank. How then does Jones' claim to a set-off arise against the Hanover Bank in an action by that bank against him on the note?

Is it a sufficient answer to say that because the Hanover Bank filed its claim with the Liquidator for the full amount of its debt against the Bartow Bank that it owed to the latter the duty of surrendering all the collateral in its possession which it held as security for the payment of its claim? When the Bartow Bank failed Jones could not have set off his deposit in that bank against the Hanover Bank because the debts were not mutually existing between the parties. The so-called equity does not attach to and affect the validity of the note, so the defense is neither a set-off nor an equity affecting the note. If the duty rested upon the Hanover Bank to surrender the note when it lodged its claim with the Liquidator, the payment by the Liquidator of twenty-five per cent. of the claim without demanding a return of the note in no wise creates an equity in favor of Jones affecting the note, nor does it destroy the rights under the Negotiable Instruments Law of the Hanover Bank to the ownership of the note, but even if it did no defense appears to exist against the Liquidator in favor of Jones which existed when the Bartow Bank became insolvent. See Brown v. First Nat. Bank, 86 Fla. 198, 97 South. Rep. 351.

So I think the demurrer to the pleas was properly sustained and no error appears in the judgment.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.