AMERICAN EXPRESS COMPANY v. M. W. STONE

189 So. 694
Opinion Filed September 29, 1938
On Rehearing June 6, 1939

*Earnest & Lewis* and *Waller & McGinniss,* for Plaintiff
in Error;

*Elmore Cohen* and *George B. Mehlman,* for Defendant
in Error.

CHAPMAN, J.—This cause is here for review on writ of
error to a final judgment in behalf of the plaintiff below,
entered on the 7th day of March, 1938, by the Circuit Court
of Palm Beach County, Florida. The case went to trial
on the common counts: (a) money payable for money lent
by the plaintiff to the defendant; (b) money payable for
money paid by the plaintiff for the defendant at his request;
(c) money payable for money received by the defendant for
the use of the plaintiff; (d) money payable by the defendant
to the plaintiff for interest due upon money due from the

defendant to the plaintiff. To the common counts, *supra,* pleas by the defendant filed were: (1) that it never was indebted; (2) plea of payment and discharge. The trial court directed the jury to find a verdict for the plaintiff below.

The evidence shows that the plaintiff bought of the defendant twelve travelers checks for the total sum of $1,209.00 and four were by the defendant paid and the suit here was to recover for the eight unpaid checks in the sum of $100.00 each, a total amount of $800.00. Plaintiff testified he did not know, when the case was being tried, who had or retained the physical custody or possession of the eight checks. One of the attorneys for the defendant was sworn as a witness for the plaintiff and testified: "Q. You are of counsel authorized to represent the American Express Company in this litigation? A. Yes, I am one of the attorneys for the defendant. Q. Have you in your possession, or have you knowledge, as to the location of the travelers cheques made a part of the bill of particulars in this case? A. Yes, sir. Q. But you don't care to divulge it, or give that knowledge? A. I do not."

H. M. McIntosh testified for the plaintiff that he had seen the checques in the possession of counsel for the defendant in their office at West Palm Beach on the day previous to being called as a witness. It is contended that the lower court erred in directing a verdict for the plaintiff when the checques were never produced. The evidence shows that counsel for the defendant had the cheques the day before the trial and he refused to surrender the custody of the same. Plaintiff testified he paid $1,209.00 for twelve checks and had presented four for payment and received the sum of $400.00 therefor and that the amount due him was the sum of $800.00. We fail to find error in this assignment.

It is next contended that the trial court erred in denying the following plea:

"2. And for a second additional plea defendant says that plaintiff transferred and delivered the travelers cheques described in his amended bill of particulars to Bank of Pahokee as security for the faithful payment of a check in the amount of Seven Tundred Twenty-two dollars and eighteen cents ($722.18) which said bank cashed and paid for another at his instance and request; that said check was drawn against insufficient and uncollected funds, which funds were never collected by the drawee bank thereof, and that said check so cashed by the Bank of Pahokee was never honored and neither was said check nor any part of the amount for which it was drawn ever paid to the Bank of Pahokee and thereafter and before this action Bank of Pahokee presented said travelers cheques to defendant for payment and defendant accepted the same and made payment thereon to the Bank of Pahokee."

Likewise the following proffer was made:

"Mr. Lewis: The first proffer we desire to make your Honor, by this witness is that on the 21st day of December, 1935, that one J. S. Aley and the Plaintiff M. W. Stone came to the Bank of Pahokee in Pahokee, Florida, and there had a conversation with Mr. Lair, the witness on the stand, at which time Mr. Aley explained that he had drawn his check for $722.18 against his account in the Bank of Pahokee, payable to the order of H. Moody; that at the time he, J. S. Aley, as well as the Bank knew that there were insufficient funds in his account with which to meet the check in question; that as a matter of fact his account with the Bank of Pahokee at that particular moment was overdrawn. Mr. Aley explained that it was his desire to have the check paid by the said bank at once, and he offered to make the following arrangement. He said that the

plaintiff M. W. Stone was his employee and that he had $900.00 in American Express Company travelers cheques.

"The Court: Eight hundred or nine hundred?

"Mr. Lewis: Nine hundred at the time. —Which he, Stone, would put up as security to guaranty the payment of this check of Aley, if the bank would go ahead and cash it at that time. The plaintiff Stone was there with these travelers cheques and said he was willing to enter into such an arrangement, and' so Mr. Lair, on behalf of the bank, said that such an arrangement would be agreeable. Aley explained that he expected to be able to meet the checks because he was depositing for collection a draft or rather two drafts on a New York house, one for $935.00 and one for $700.00 which drafts of course he expected to be paid. That pursuant to this incident the bank agreed to cash the check of J. S. Aley in the amount of $722.18, and the travelers cheques were delivered to the bank, and Mr. Lair over his signature gave Stone the bank's receipt for the travelers cheques. The bank retained these travelers cheques in its possession, and cashed the check of J. S. Aley payable to H. Moody, drawn on the bank, and paid out thereon the sum of $722.18. Thereafter, Aley deposited with the bank for collection his sight drafts upon, drawn upon, the New York house, one in the amount of $700.00 and the other in the amount of $935.00. The bank check was drawn for collection. The drafts were sent through the regular clearing channels for collection and were duly presented for payment, but the drafts were not accepted nor paid, but were returned to the Bank of Pahokee uncollected and unpaid. That the Bank of Pahokee was never reimbursed for the sum of $722.18 which it paid out on the check drawn by Aley on the bank to the order of H. Moody. That this check was never covered at all in any fashion. That the plaintiff Stone was kept advised of this situation.

That he recognized the understanding with which these travelers cheques were left at the Bank of Pahokee and was perfectly content with the arrangement. * * *

"Mr. Lewis: Thereafter, on the third day of January, 1936, the plaintiff Stone came to the Bank of Pahokee and asked Mr. Lair to go ahead and cash the travelers cheques in question, reimburse itself out of the same and to pay him the difference. Mr. Lair on behalf of the Bank agreed to do so and presented the travelers cheques to Stone for his signature. Stone immediately grabbed the travelers cheques, threw down the receipt which is marked for identification as Defendant's Exhibit B and ran out of the bank with the travelers cheques. * * *

"Mr. Lewis: Now by this witness, your Honor, we want to make a proffer also. The defendant makes the following proffer by this witness. That on the 3rd day of January, 1936, it was brought to his attention that Mr. Stone, the plaintiff in this case, had grabbed the travelers cheques in question and had run off with them. That he had the matter reported to the County Solicitor, and the County Solicitor instructed Constable John Kirk to take Stone into custody. That is one of the proffers we will make so far. * * *

"Mr. Lewis: That on January 4, 1936, the plaintiff Stone came into the bank accompanied by John Kirk the Constable and delivered to Mr. Kilpatrick, as an officer of the bank $800 worth of travelers' cheques which were involved in this suit. That the same were taken by Mr. Kirkpatrick and he gave to Mr. Stone a receipt therefor, which receipt is herewith tendered in evidence.

"Mr. Cohen: We object to the proffer and we object, if the Court please, to the admission in evidence of the receipt on the grounds as above stated and on the further ground that the receipt does not disclose that the travelers

cheques involved in this lawsuit are the travelers cheques mentioned on the receipt."

In support of the assignment counsel for plaintiff in error cites Brown v. First National Bank of Panama City, 86 Fla. 198, 97 So. 351; Withers v. Sandlin, 36 Fla. 619, 18 So. 856; 49 Corpus Juris 1019-1021; 21 R. G. L. 666-7.

We have thoroughly considered each of these citations but fail to appreciate counsel's contention. It is the duty and obligation of the defendant to pay when presented each of the cheques. If the judgment is here affirmed and the Bank of Pahokee has or asserts some claim or interest in the cheques, it has a full and complete remedy at any time prior to the payment of the judgment. We think substantial justice was awarded in the lower court. The judgment appealed from is affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., agrees to the conclusion.

BROWN, J., not participating.

## ON REHEARING

PER CURIAM.—On petition for rehearing and upon argument at the bar of this Court it is contended that the following plea constitutes a good defense to plaintiff's alleged cause of action, viz.:

"2. And for a second additional plea defendant says that plaintiff transferred and delivered the travelers cheques described in his amended bill of particulars to Bank of Pahokee as security for the faithful payment of a check in the amount of Seven Hundred Twenty-two Dollars and Eighteen Cents ($722.18), which said bank cashed and paid for another at his insistance and request; that said check was drawn against insufficient and uncollectable funds, which funds were never collected by the drawee bank thereof, and that said check so cashed by the Bank

of Pahokee was never honored and neither was said check nor any part of the amount for which it was drawn ever paid to the Bank of Pahokee and thereafter and before this action Bank of Pahokee presented said travelers cheques to defendant for payment and defendant accepted the same and made payment thereon to the Bank of Pahokee."

We have re-examined the cases relied upon by counsel for plaintiff in error, viz.: Brown v. First National Bank of Panama City, 86 Fla. 198, 97 So. 351; Withers v. Sandlin, 36 Fla. 619, 18 So. 856; 49 Corpus Juris 1019-1021-2-6; 21 R. C. L. 666-7, and conclude that the plea, *supra,* should not have been stricken by the lower court as it states a good defense and an issue of fact which may be presented to and settled by the jury under appropriate instructions.

For the error pointed out on rehearing, the judgment appealed from is reversed and a new trial granted.

The original opinion previously adopted by this court is hereby altered, changed, revised and modified in so far as it conflicts with this opinion adopted on rehearing.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.