ARCHIBALD McCALLUM AND J. C. GREELEY, APPEL-
LANTS, VS. JOHN S. DRIGGS, APPELLEE.

1. "A man not named as payee who puts his name on the back of
   a note before delivery to the payee, upon the faith of which
   money was loaned or credit given by the payee to the maker,
   is liable on it as an original promisor, although it be proved he
   wrote his name on the note as surety for the maker. His lia-
   bility is that of a joint and several maker of the note." (Mel-
   ton vs. Brown, 25 Fla. 461, 6 South. Rep. 211.) In such a case
   there need be no specific allegation in the declaration that
   money was loaned or credit given by the payee to the maker,
   upon the faith of the endorsement. Substantial proof before
   the trial court that such credit was given, and that the note
   was received by the payee in part payment of the purchase
   money of land and other property, is sufficient to hold an en-
   dorser, under such circumstances, as an original maker.

2. It is not necessary to prove the consideration of a note before of-
   fering it in evidence when the consideration is denied by plea;
   but when there is such a plea denying the consideration, the
   plaintiff can not take judgment upon the note alone, but must
   prove the consideration upon which it was given.

3. When a defendant by plea has denied the consideration of a note
   sued upon, it is not erroneous for the court to permit the
   plaintiff to offer evidence tending to prove such considera-
   tion.

4. The court below ruled out a question to one of the defendants
   and the answer thereto, as follows: "In what capacity did
   you place your name upon the note sued upon?" Answer:
   "As indorser," but permitted said defendant to testify fully as
   to the circumstances under which said endorsement was made,
   and which circumstances show conclusively that he was an
   original maker of the note: Held, That, admitting the referee
   to have erred in the ruling, it was a harmless error. The in-
   correct legal opinion of the defendant could not have affected
   the judgment in the case.

5. It is not erroneous to refuse to admit irrelevant testimony.

6. As to whether it was necessary in the interval between the going
   into effect of the Constitution of 1885, and the effective opera-
   tion of the Revised Statutes in 1892, that pleas in civil cases at

law should be sworn to, not determined; but where a plea was not allowed to be filed because it was not sworn to, but another plea, the same in substance as that excluded was subsequently filed, and under this last plea all evidence was admissible, and was admitted, which could have been offered or admitted under the excluded plea, the ruling excluding the plea, even if erroneous, did not change the issue, or affect the legal rights of the parties, and is not reversible error.

7. A plea to a promissory note payable to order, which alleges that the plaintiff at the time he commenced action did not own the promissory note sued upon, and had no right or interest in the same, that his only connection with the same was and is that it was endorsed to him for collection, does not state any defense to the action, but clearly shows a cause of action in favor of the plaintiff, and that while plaintiff did not have the absolute ownership of the note sued upon, he yet had it rightfully in his possession as agent or trustee for collection, and could sue upon the same.

8. If a note be endorsed in blank, the courts never inquire into the right of the plaintiff whether he sues in his own right or as trustee, nor into the right of possession, unless a plea be made of *mala fides* in the plaintiff's possession.

Appel from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*Walker & L'Engle*, for Appellants.

*Cooper & Cooper*, for Appellee.

LIDDON, J. :

Appellee was the plaintiff in the court below, and sued the appellants upon a promissory note. That portion of the declaration necessary to an understanding of the case was as follows: "1st. John S. Driggs, by Cooper & Cooper, his attorneys, sues Archibald McCallum and Jonathan C. Greeley, for that whereas the defendant Archibald McCallum, on the 28th day

of April, A. D. 1883, made his promissory note in writing and delivered the same to John S. Sammis, and thereby promised to pay to the order of John S. Sammis five hundred dollars, at the Florida Savings Bank, for value received, twelve months after date thereof, and the said defendant, Jonathan C. Greeley, then and there at the time of the making of said note by Archibald McCallum, as aforesaid, and before the delivery of said note to John S. Sammis, as aforesaid, by writing his name on the back of said note (to-wit: 'J.C. Greeley,' thereby meaning Jonathan C. Greeley,) in consideration of the premises, to-wit: the promises and undertakings expressed in and by said note, promised and undertook to pay to the order of John S. Sammis the amount of said note, agreeable to the tenor and effect of the same, and thereby, then and there became and made himself an original promisor and maker of said note. And the said John S. Sammis afterwards endorsed the same to plaintiff before maturity of said note, whereby the said plaintiff became the holder and payee of said note, by the order and endorsement of said John S. Sammis, as aforesaid, whereof the said Archibald McCallum and the said Jonathan C. Greeley had notice, and then and there, in consideration of the premises, promised to pay the amount of said note to said plaintiff, according to the tenor and effect thereof. 2nd. And at the time of the making of said promissory note by Archibald McCallum, to-wit: on the 28th day of April, A. D. 1883, and before the delivery of said note by the said Archibald McCallum to John S. Sammis, thereby promising to pay five hundred dollars to the order of John S. Sammis twelve months after date, at the Florida Savings Bank, Jonathan C. Greeley wrote his name on the back of said note, to-wit: 'J. C. Greeley,' meaning thereby Jonathan C. Greeley,

whereby the said Jonathan C. Greeley made himself a party to said note, and undertook and assured its payment according to the tenor and effect of said note, to the holder and payee thereof, and the said note having been then and there delivered by the said Archibald McCallum to the said John S. Sammis, with the name of Jonathan C. Greeley written on the back of said note as aforesaid, the said John S. Sammis endorsed said note generally and delivered same to plaintiff, who thereby became the holder, endorsee and payee of said note, the said note being made payable to the order of John S. Sammis, and the said general endorsement of John S. Sammis, accompanied by the delivery of said note, being the order of the said John S. Sammis in the premises. Of all which the said defendants Archibald McCallum and Jonathan C. Greeley had notice." The remainder of the declaration alleges the maturity of the note, presentment for payment, non-payment, and notarial protest and notice. The original note was attached to the declaration, and reads as follows:

"$500. JACKSONVILLE, FLA., Apr. 28, 1883.

Twelve months after date I promise to pay to the order of John S. Sammis five hundred dollars, at Florida Savings Bank. Value received.

ARCH'D. McCALLUM.

No. 4261—Due............

(Endorsed on back:)
J. C. GREELEY,
JOHN S. SAMMIS,
JNO. S. DRIGGS.

The defendants filed a plea, which, omitting formal parts, was as follows: Defendants "for plea to plaintiff's declaration say that the consideration for which

the promissory note described in plaintiff's declaration was by them executed has failed." The plaintiff took issue upon this plea. Afterwards the defendants filed two additional pleas as follows: "2. The defendants for an additional plea to the plaintiff's declaration say that the said John S. Driggs did not own the promissory note sued upon at the time he commenced said action, and had no right or interest in the same; that his only connection with said note was and is, that it was endorsed to him for collection. 3. And for a third plea defendants say that said Greeley endorsed the said note as surety only, and not as maker, as alleged.

WALKER & E'ENGLE,

Defendants' Attorneys.

Being sworn, Archibald McCallum says he is a defendant to said action, and that the foregoing pleas are true in substance and in fact to the best of my knowledge and belief.

ARCHIBALD MCCALLUM.

Sworn to and subscribed before me this May 1st, 1890.

D. U. FLETCHER, (Seal.)

Notary Public.

The cause having been referred to Mr. D. U. Fletcher as referee, the plaintiff moved before said referee to strike out said additional pleas, alleging that the same were so framed as to prejudice, embarrass and delay the fair trial of the action. The grounds, as stated in said motion, are as follows: "1st. That the said additional plea marked 2 presents a totally immaterial and irrelevant issue, and is therefore frivolous. 2nd. That the said additional plea marked 3 is also irrelevant and immaterial at this stage of the case; the evidence as taken showing that said defendant Greeley was a joint maker of the note sued on, under the decision of the

Supreme Court of Florida in the case of Melton vs. Brown; and said third plea stating *conclusions of law*, and not alleging *issuable facts* showing the relation of said defendant Greeley to said note, either as surety or maker. 3rd. That the affidavit to said additional plea is insufficient, and not in accordance with the rule of practice in such case made and provided; the said affidavit being '*to the best of deponent's knowledge and belief*,' and therefore not *positive* in its allegation of the truth of said plea.'' The motion was granted by the referee. Afterwards the defendant Greeley filed another plea denying the execution of the note sued upon, and plaintiff took issue upon said plea. The case coming on for trial before said referee, he entered judgment for the plaintiff for the amount due upon the note and the costs, and defendants appealed.

Various exceptions were taken to the rulings of of the referee admitting or excluding testimony. So far as these are made the subject of assignments of error and argued by counsel for appellants, they will be mentioned in the further course of this opinion.

After his findings in favor of the plaintiff, the counsel for the defendants moved in arrest of judgment, which motion was overruled. Reversing chronological order, this ruling is made the basis of the first assignment of error. The motion was made upon the ground, briefly stated, that the defendant Greeley was only a surety upon the note sued upon, and that it was a misjoinder of parties to sue him in the same action with McCallum, the principal debtor. The pleadings allege, and the proof shows, that the endorsement was made by defendant Greeley, who was not the payee of the note, at the time of its original making by his co-defendant McCallum, and before the delivery of the note to Sammis, the payee therein. Under the authority of

Webster vs. Barnett, 17 Fla. 272, it is claimed that the suit can not be maintained jointly against the two defendants. The facts of this case are different from those of the case cited. In that case Webster was the payee of the note, and endorsed the same to the plaintiff. This case is like that of Melton vs. Brown, 25 Fla. 461, 6 South. Rep. 211, and controlled by it. The head-note in this last named case is as follows: "A man, not named as payee, who puts his name on the back of a note before delivery to the payee, upon the faith of which money was loaned or credit given by the payee to the maker, is liable on it as an original promisor, although it be proved that he wrote his name on the note as surety for the maker. His liability is that of a joint and several maker of the note." There is no specific allegation in the declaration in the present case that any "money was loaned or credit given by the payee to the maker," upon the faith of this endorsement, but the fact found by the referee was, that the note was delivered to the payee in consideration of, and as part payment for, the interest of the payee in a certain decree and a certain judgment, and in a small parcel of land, and is substantial proof that credit was given upon the faith of it. The declaration in Melton vs. Brown, *supra*, is not shown in the published opinion, but an inspection of it among the files of the court shows that it likewise contained no such allegation, and it only appeared upon a statement of facts agreed upon that it was endorsed by the defendant on the back thereof at the time it was made, and before its delivery to the payee for the purpose of giving the maker credit with the payee.

The third assignment of error is, that the court erred in admitting the note sued upon to be filed in evidence by the plaintiff, against the defendant's objection, upon

the ground that the consideration had not been first proven. It is not necessary to prove the consideration of a note before offering it in evidence, where the consideration is denied. The note, when its execution is not denied, proves itself, and can be offered in evidence. The plea denying execution of the note had not been filed when this ruling was made. Under the statute, however, the plaintiff, when there is a proper plea denying the consideration of the note, could not take judgment upon the note alone, but must prove the consideration upon which it was given. Reddick vs. Mickler, 23 Fla. 335, 2 South. Rep. 698. There was no merit in the objection.

The assignments of error numbered from four to eight, both inclusive, were based upon rulings of the court admitting, against defendant's objections, a certain quit-claim deed and assignment of certain judgments and decrees by Sammis, the payee named in the note sued upon, to the maker, the defendant McCallum, and the record of the suit in which the decrees were obtained. C. P. Cooper, a witness for plaintiff, testified that the interest of Sammis, the payee, in the decree and judgment assigned, and in the land embraced in the quit-claim deed, was the consideration for which the note sued upon was given in part, the balance having been paid in cash. The defendant had filed a plea which has hereinbefore been recited, and which, without setting up any issuable fact, alleged, *in haec verba*, a failure of the consideration upon which the note sued upon was given. This plea was clearly demurrable, and the plaintiff should have demurred to the same. Ahren vs. Willis, 6 Fla. 399; Jones vs. Streeter, 8 Fla. 83; Hunter vs. Wilson, Stearly & Co., 21 Fla. 250; Reddick vs. Mickler, *supra*. He, however, saw fit to treat the plea as a good and valid one, and took issue

upon it.  He assumed unnecessarily the burden of proving the consideration of the note sued upon.  The documents offered in connection with the testimony of Mr. Cooper certainly tend to prove the consideration of the note.  The plaintiff in offering this testimony was doing the very thing which the defendant sought to require of him by his plea alleging failure of consideration, and the defendant has no just ground of complaint against the ruling of the court admitting the evidence.

Counsel for defendants asked the following question of the defendant J. C. Greeley:  "In what capacity did you place your name upon the note sued upon?"  This question was objected to upon various grounds.  The referee reserved his ruling, and the witness answered, "as endorser."  The referee afterwards announced his ruling, excluding the question and the answer.  The appellant contends that the evidence excluded would have supported the defendant Greeley's plea of *non est factum*.  The question as to the admission of parol evidence to explain, limit or qualify bank endorsements of negotiable paper, is one of much difficulty, and about which there is much contrariety of opinion.  Some authorities hold that the general principle, that parol evidence is inadmissible to vary or contradict the terms of a valid written contract, is applicable only to contracts written out in full, and does not extend to such endorsements which are contracts raised from implication by operation of law.  I Daniel on Negotiable Instruments, § 717, and note 5. In this case, however, if the referee erred in excluding this testimony, such error was rendered harmless by the subsequent testimony taken in the case.  The defendant Greeley was permitted to explain fully the circumstances under which said endorsement was

made, and such circumstances as hereinbefore set forth shows conclusively that he was not endorser, but an original maker of the note sued upon. Therefore the evidence excluded was only an expression of an incorrect legal opinion by Mr. Greeley. The referee having all the facts before him, could determine the capacity in which the defendant endorsed the note. Therefore, admitting that this ruling of the referee was error, it could not have affected the result of the trial, and the judgment should not be reversed on account of it. The undisputed facts showing clearly that Greeley was an original maker of the note, his opinion that he was an endorser only could not have affected the judgment of the referee in the case. Pons vs. Hart, 5 Fla. 457; Jacksonville, Mayport, Pablo Ry. & Nav. Co. vs. Warriner, 35 Fla., 197, 16 South. Rep. 898.

The eleventh assignment of error is based upon a ruling of the court excluding a certain deed of Ledwith, as sheriff, *etc.*, to J. S. Sammis. This deed was excluded upon an objection that it was irrelevant. The counsel for appellant contend that the deed was relevant evidence because it would "show that Sammis did not convey what he received from Ledwith, the sheriff, and was relevant and important in establishing the failure of consideration of the note." The conveyance of Sammis was only by quit-claim. There is not a syllable in the record to show that there was any agreement that the deed should convey what Sammis received from Ledwith. We wholly fail to see any relevancy in the evidence offered.

After the additional pleas, which have been hereinbefore set forth in full, were stricken, the defendants, so the record shows, offered to file them again "without being sworn to." The plaintiff objected to this

and the referee sustained the objection and refused to allow the pleas to be filed. The action of the court in striking out these pleas, and refusing to allow them to be refiled as stated, is alleged to be erroneous. The burden of the argument for the appellant is, that during the interval occurring between the going into effect of the Constitution of 1885, and the effective operation of the Revised Statutes in 1892, it was not necessary to swear to pleas in civil cases at law. The contention is, that sworn pleas were first required by the adoption of the Constitution of 1868 (see Art. VI, sec. 14, Constitution of 1868;) that the rule (No. 15 of Circuit Court Common Law Rules) is in the same language, and predicated upon the Constitution; that the Constitution of 1885 containing no provision requiring pleas to be sworn to, thereby abrogated the provision upon the subject contained in the Constitution of 1868, and the constitutional provision upon which the rule of court was founded being nullified, the rule itself was thereby rescinded. The argument presents a very intricate and interesting question, but we do not think the decision of it necessary to the admistration of justice in this case. No harm whatever has been done the defendant by refusing to file the pleas, and they could not have been of any benefit to him if they had been filed.

Considering first the third plea, that the defendant Greeley endorsed the said note as surety only, and not as maker: A plea was subsequently filed, the same in substance as that excluded, denying the making of the note by Greeley, and under this plea any evidence was admissible that could have been admitted under the rejected plea. As a matter of fact the referee did allow both defendants to testify fully as to the time, place and circumstances connected with the endorse-

ment of the note by Greeley. He has the benefit of all evidence that he desired to offer, and which would show in law whether he was an endorser or maker of the note sued upon. Admitting, for the sake of argument, that it was erroneous to refuse to permit an unsworn plea to be filed, the ruling did not change the issue or affect the legal rights of the parties, and would not be reversible error. Walter vs. Florida Savings Bank, 20 Fla. 826; Florida Orange Hedge Fence Co. vs. Branham, 35 Fla. ——, 17 South. Rep. ——.

The second plea stated no matter of defense whatever to the action. If an issue had been formed upon this plea, and found in defendants' favor, the plaintiff would have been entitled to judgment. The plea distinctly admits a cause of action in favor of the plaintiff. It clearly shows that while the plaintiff did not have the absolute ownership of the note sued upon, he yet had it rightfully in his possession as an agent or trustee for its collection. In the case of Livingston vs. Clinton, (decided in 1799), an unreported case, cited in Conroy vs. Warren, 3 Johns. Cas. 264, and cited with approval in Gregory vs. McNealy, 12 Fla. 578, text 582, the law is stated to be that "if a note be endorsed in black, the court never inquires into the right of the plaintiff, whether he sues *in his own right* or as trustee." The case of Gregory vs. McNealy, *supra*, also cites other cases to similar effect This case also held a plea very similar to the one under consideration, not valid, without setting up that the possession of the plaintiff was *mala fide* or by casualty without consideration. While perhaps it was not essential to the determination of the case, the court also practically held that a judgment *nil dicit* without disposing of a plea of this character, was not erroneous. The general doctrine upon the subject is thus clearly

stated in 2 Daniel on Negotiable Instruments, sec. 1191: "The law is now too well settled to admit of longer controversy that an action on a bill or note payable to bearer, or indorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and that possession by such nominal holder is *prima facie* sufficient evidence of his right to sue, and can not be rebutted by proof that he has no beneficial interest, or by anything else but proof of *mala fides*. And, as has been said in Maryland, by Chambers, J.: 'Courts will never inquire whether a plaintiff sues for himself or as trustee for another, nor into the right of possession, unless in an allegation of *mala fides*, and the blank endorsement may be filled up at the moment of trial'."

From what has been stated, it is apparent that there is no error in the record. The judgment is affirmed.