FRANK S. DURHAM v. CHARLES W. MEYER.

154 So. 702.
Opinion Filed April 24, 1934.
Petition for Rehearing Denied May 25, 1934.

*Blackwell & Gray,* for Plaintiff in Error;

*Shipp, Evans & Kline,* for Defendant in Error.

PER CURIAM.—On June 18, 1925, the defendant in error executed to E. C. Myers three negotiable promissory notes, and simultaneously executed to the payee a real estate mortgage to secure the same. The notes were in the usual form. Subsequently the payee and holder of the notes, E. C. Myers, died intestate in the State of Georgia. Administration was had there on his estate in the Court of Ordinary, Chatham County, Georgia, a court of general jurisdiction in that state, and one John G. Kennedy was appointed and qualified as adminstrator thereof.

Two of the notes held by Myers at the time of his death, were at an administrator's sale by the administrator sold to Frank S. Durham, plaintiff in error, who instituted suit on them in the Circuit Court of Dade County in an action against the maker, Charles W. Meyers. Upon a directed verdict for defendant, judgment was entered against plaintiff below, who has brought the case to this Court by means of a writ of error to the defendant's judgment.

The declaration, in addition to the formal allegations that are usually set forth in suits on promissory notes, also

pleaded the fact that prior to the maturity of the notes sued on, that the payee and holder thereof, Meyers, had departed this life at his place of residence in Savannah, Georgia; that thereafter an administrator of Myer's estate was duly appointed by the Court of Ordinary of Chatham County, Georgia; that pursuant to an appropriate order of the probate court said administrator had exposed the notes for sale at public outcry and that plaintiff, being then and there the highest and best bidder therefor, had for value purchased and acquired the same through the administrator's endorsement and delivery; that by reason of the aforesaid facts plaintiff was then and there the endorsee, owner and holder of said notes sued on, and was entitled to have a recovery thereon.

At the trial, upon an issue raised by a several times amended special plea undertaking to challenge plaintiff's ownership and right to sue on the notes, the trial judge expressed the opinion that no proper showing had been made that the procedure of the Georgia Court of Ordinary authorizing the sale of the notes at an administrator's sale was valid, and that therefore the title to the notes was not in the plaintiff and consequently that defendant was entitled to a directed verdict, which he ordered.

Plaintiff's case with respect to ownership and right to recover on the notes was established insofar as defendant was concerned, when plaintiff produced the original notes in evidence accompanied by the endorsement of the administrator on the back of same, reading as follows:

"The interest of E. C. Myers, late of Chatham County, Ga., deceased, in the within note having this day been exposed for sale at public outcry, by appropriate order of the Court of Ordinary of said County of Chatham, and Frank S. Durham being then and there the highest and best bidder,

said note was and is hereby sold, transferred and delivered unto him, the said Frank S. Durham. This March 1st, 1927.

JOHN G. KENNEDY,
"Administrator, Estate of E. C. Myers, deceased.
"I. W. MYERS."

The defendant's plea confessed (but undertook to avoid the confession of) the allegation of the plaintiff's declaration to the effect that the notes had been actually, if not legally, acquired for value by the plaintiff at an administrator's sale which took place prior to the maturity thereof. The actual execution of the notes by defendant was established by defendant's testimony at the trial. And plaintiff, as competent evidence of his ownership of, and right to sue on said notes as a holder of same for value before maturity, thereupon produced and filed the notes themselves in evidence.

In consequence of such showing plaintiff was, under the statute (Section 6818 C. G. L., 4732 R. G. S.) presumed to be a holder in due course as against Meyer, the maker of the notes, since Meyer was admittedly bound on them prior to the administrator's sale and prior to the assignment of title and prior to delivery of possession of said notes to the plaintiff.

In Jones v. Central Hanover Bank & Trust Co., 110 Fla. 69, 147 Sou. Rep. 895, it was held that in a suit at law brought by an actual holder suing as an endorsee of a negotiable instrument *against the maker thereof,* it is enough that the plaintiff's title appear to be good as against the defendant maker, because of the rule that the title or interest of an actual holder of a negotiable instrument cannot be disputed or inquired into unless necessary for the purpose of a legitimate defense against the payee or some prior

holder, that would not otherwise be available as against the plaintiff.

It is not a good plea to allege that a note, sued on by plaintiff who shows himself to be an actual holder thereof, is not plaintiff's property, but is the property of another, without at the same time showing some substantial matter of defense that would be good as against the one asserted to be the true owner, and which could not be set up against the holder as plaintiff. Brown v. First National Bank, 86 Fla. 198, 97 Sou. Rep. 351; McCallum v. Driggs, 35 Fla. 277, 17 Sou. Rep. 407; Gregory v. McNealy, 12 Fla. 578.

On the authority of the cases herein cited we determine that the Circuit Court erred in not sustaining plaintiff's demurrer to defendant's second plea (as amended under date of May 28, 1930) and also that the court erred in directing a verdict for defendant on the basis of said plea, even if it were good, inasmuch as the burden of proof under such plea was on the defendant and not upon plaintiff. Said second plea as amended, was in substance considered as a whole, a plea in confession and avoidance, notwithstanding the fact that it also embraced some element of denial. So the burden of proving it was on defendant.

Reversed for appropriate proceedings.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, J., agrees to the reversal.