## CITY OF HIALEAH v. HARRIS et al.
### No. 7983.

Circuit Court of Appeals, Fifth Circuit.
May 22, 1936.

Martin F. Whelan, Jr., and N. J. Rosenstein, both of Miami, Fla., for appellant.

Herbert S. Sawyer, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.[1]

SIBLEY, Circuit Judge.

The appellees recovered judgment against the appellant on certain past-due bonds and interest coupons. The pleas on which the trial was had were that the writings sued on were not the deeds of the defendant-appellant and that the plaintiffs-appellees were not at the time of the filing of the suit or the pleas the owners, holders, or bearers in any capacity of said writings. The plaintiffs alleged in the declaration that they were a Bondholders Protective Committee, and exhibited the agreement by which bonds issued by the defendant were to be deposited with them, and that the bonds and coupons sued on had been deposited with them and that accordingly they had legal title to them under an express trust. They also alleged generally that they were the bearers and owners of the bonds and coupons, which were payable to bearer. Proof was made of the execution and statutory validation of the bonds and coupons, and they were admitted in evidence. The deposit agreement signed by the committee, including all the plaintiffs, was introduced, which provided for bondholders becoming parties by depositing their bonds with a named depository bank, they to receive a certificate of the deposit. There was testimony from the secretary of the committee that the bonds and coupons sued on were deposited with the depository under the agreement before the suit was instituted, that the depository held them for the committee, and that they were delivered to plaintiffs' counsel on order of the committee. No evidence was introduced for the defense, but a motion was made to dismiss the case because, as was proven, two weeks previously a jury had been impaneled to try it and the plaintiffs had introduced evidence which the court thought was insufficient to show their ownership of the bonds and coupons; plaintiffs then had asked time to send for a witness at a distance, whereupon the court of its own motion discontinued the trial, dismissed the jury, and set the case for hearing at a later date. This motion to dismiss was overruled and a verdict directed for plaintiffs. The refusal to dismiss and the direction of the verdict are alone urged as error.

The abortive trial decided nothing and prejudiced no one. The court in effect declared a mistrial and continued the case to a later date. There was no adjudication for either party. Appellant argues that the plaintiffs having gone to trial and failed to prove their case, a nonsuit or a directed verdict or some other termination of the suit should have followed, and that a dismissal ought now to result. But no appropriate motions were made at the time and no exceptions were reserved to the action taken by the court. There is, of course, no "former jeopardy" in a civil case. The issues merely stood over for a trial de novo on the date fixed.

The uncontradicted evidence on the second trial sufficed to entitle the plaintiffs to recover. The bonds and coupons were shown to be duly validated obligations of the defendant municipality, thus disposing of the plea of non est factum. They were payable to bearer, and if the plaintiffs had contented themselves with alleging that they were the bearers of them, their title and right to sue would have been sufficiently proven y the production of the instruments. No dishonesty or fraud in the procurement of them was set up, nor any defense to them. In such circumstances, courts will not require proof of how the holders acquired such paper. Collins v. Gilbert, 94 U.S. 753, 24 L.Ed. 170; City of Coral Gables v. Hayes (C.C.A.) 74 F. (2d) 989; McCallum v. Driggs, 35 Fla. 277, 17 So. 407; Durham v. Meyer, 114 Fla. 594, 154 So. 702. But these plaintiffs went further and alleged a special title un-

---

[1] Judge Walker participated in this decision, but died before the opinion was prepared and filed.

der a deposit agreement and introduced proof of it. The deposit agreement expressly states: "Each depositor does hereby assign and transfer to the Committee the bonds and coupons deposited hereunder by him, and agrees that the members of the Committee as such shall be vested under the terms hereof as trustees of an express trust with the legal title to all the bonds and coupons deposited hereunder, and with all the rights and powers of owners thereof." The deposit of a bearer bond or coupon under such an agreement vests in the committee full legal title and the right to sue. Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141. The evidence is not very precise as to when and how each bond and coupon was deposited, but no other verdict was possible than that directed. If each was deposited under the agreement, the plaintiffs had title under it, and if some were not so deposited, plaintiffs were at least bearers of them as negotiable papers. In neither case does anything appear to preclude a recovery, since no meritorious defense exists and since the defendant has no concern with the uses or trusts which may attach to the recovery in favor of others.

Judgment affirmed.