PENN–FLORIDA HOTELS CORPORATION v. ATLANTIC NAT. BANK OF JACKSONVILLE et al.

No. 8001.

Circuit Court of Appeals, Fifth Circuit.

June 2, 1936.

Carl T. Hoffman and L. L. Robinson, both of Miami, Fla., and John B. Sutton, of Tampa, Fla., for appellant.

John P. Stokes, Scott M. Loftin, and James E. Calkins, all of Miami, Fla., T. M. Shackleford, Jr., of Tampa, Fla., and C.

C. Copp and Henry P. Adair, both of Jacksonville, Fla., for appellees.

Before SIBLEY, HUTCHESON, and WALKER Circuit Judges.[1]

HUTCHESON, Circuit Judge.

This is an appeal from a preliminary order allowing and classifying claims in a voluntary reorganization proceeding under section 77B, Bankr.Act (11 U.S.C.A. § 207). The proceeding directly concerns, it was brought to adjust the indebtedness on, five hotel properties owned and encumbered by the debtor by separate bond issues. Besides those interested in these properties and bond issues, holders of bonds on two other hotel properties originally owned and encumbered by the debtor, but sold·by it before these proceedings were commenced, have filed contingent claims as unsecured creditors. Appellees are the trustee in the bond mortgages, the protective committee for the bondholders, the corporations formed by that committee to hold the bonds of the respective issues, and corporations to whom under the authority of the committee, and in the interest of the bondholders, the respective issues of bonds have been sold on time payment contracts. The order appealed from approved generally the report of the master allowing and classifying the bond claims, but it required that all claimants before being permitted to vote on any reorganization plan should submit to the master for his inspection, verification, and approval the actual bonds intended to be voted by them. No holder or claimant of any of the bonds, no creditor, has complained of or excepted to the master's report. None has appealed from the order approving it. Only the debtor complains and appeals, and its does not challenge the validity or the amount of the bonds allowed, or in any way dispute its liability on them; its only complaint is as to the persons allowed to vote the bonds. The appellant, in short, in a proceeding in which all persons having claims on the bonds are duly represented, and in which none of them complain of the order, seeks to make objections which on their face would seem to be available only to owners or claimants of the bonds.

The District Judge thought that while who should prove and vote the claims in controversy might turn out to be of great practical importance to the debtor, legally speaking it was not interested in the question of the control of the claims "so long as there was no duplication, and the parties interested in the claims in controversy have not disagreed among themselves." To make it certain, however, that only those having real custody and control of the bonds should vote them, in approving the master's report he made it a condition that before the bonds could be voted by those accorded the right to vote, they should be presented to the master for his inspection and approval. Thus the sum and substance of the report and order on it is that without duplication or overallowance, all bonds presented for voting should be entitled to be voted.

 Part of appellant's brief is devoted to the action of the court in refusing to allow individual certificate holders under the protective agreement to file as claimants. The comprehensive terms of the agreement fully clothed the protective committee with power to do the things it has done in connection with the bonds and their voting. The committee, and those authorized by it, and not the certificate holders, are the ones to file. Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; City of Hialeah v. Harris (C.C.A.) 83 F.(2d) 999. Even if this were not so, appellant could not raise the point, for the certificate holders have not objected to but have acquiesced in the ruling.

 It will serve no purpose to. analyze or discuss the various assignments of error, for they all come to the same thing. Not that more bonds were approved than were properly claimed for, not that the debts claimed were allowed for more or classified differently than they should have been, but that they were allowed in favor of claimants whom the debtor insists are not entitled to claim rather than in favor of those the debtor thinks are. The master's report in permitting all interests to prove, not in duplicate, but in concert, took care that ,by concert of action all bondholders should be represented in the final disposition. All claimants consenting and agreeing to this course, the debtor certainly may not complain of it. The voluminous record of the proceedings taken by the creditors' committee under the supervision of the New York court, the actions taken and approved

---

[1] Judge Walker participated in this decision, but died before the opinion was prepared and filed.

there, all testify to a solicitude for the rights of bondholders, and an effort to protect them, and not to any effort to injure or harass the debtor. Nothing in this great record shows any possibility of injury or prejudice to the debtor from the order from which it appeals. In addition to other safeguards, the order is expressly deprived of injurious finality, all substantial questions as to the real ownership and right to vote the bonds are saved under it by the provision in it that no bonds shall be voted except by persons who present them to the master and establish their right to vote them.

We think it plain that the action of the District Judge was right, and that there is nothing of substance in the appeal. The order appealed from is affirmed.