## CITY OF HIALEAH v. GROVES.*
### No. 8873.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1939.

Martin F. Whelan, Jr., and Mitchell D. Price, both of Miami, Fla., for appellant.

C. W. Peters, of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for appellee in a suit against appellant for the principal and interest alleged to be due by the City on its bonds and coupons. The declaration was in four counts, two counts being on bonds of different issues, and the other two being on coupons alleged to have been attached to the bonds. The is-

*Rehearing denied April 24, 1939.

sues tried were those raised by appellant's plea of non est factum.

Appellee proved the special charter act upon which it relied for the authority of the municipality to issue the bonds, together with the ordinances authorizing the two issues involved. The ordinances complied with the charter and specified the forms and amounts of the bonds to be negotiated and the officers to act in that behalf. Appellee then proved that the bonds and coupons complied in all respects with those provided for in the ordinances, and that the signatures appearing on the bonds were genuine; that the bonds were executed by the officers named therein; and that taxes had been duly levied to raise funds to pay both issues. The proof as to the coupons was that they corresponded to the bonds as to number, amount, etc., were in the form required by the ordinance, and bore the facsimile signatures of the executing officers. No evidence was offered by appellant to contradict this proof; whereupon the court found the facts as above, and adjudged the issues in favor of appellee.

Three propositions are urged as grounds for reversal. They are that the evidence was insufficient, in that it did not show, first, that the bonds had been delivered, second, that appellee was the holder in due course, and third, that the coupons were genuine, having been detached from the bonds.

■ The bonds are negotiable instruments payable to bearer. As such, they are subject to the provisions of the Uniform Negotiable Instruments Act, in force in the state of Florida. The section here involved (Section 6776, Compiled General Laws of Florida 1927) provides: "And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." Delivery of the bonds is presumed until the contrary is proved; and the proof, standing uncontradicted, made a prima facie case on this issue. S. K. S. Holding Co. v. Vans Agnew, 106 Fla. 830, 143 So. 599.

■ Lack or want of status as a holder in due course is not a defense to a negotiable instrument payable to bearer. Its only effect would be to let in defenses against the first holder, promisee, or obligee. Where such defenses are not asserted, no such issue is raised; and proof that the plaintiff is a holder in due course is not necessary. McCallum v. Driggs, 35 Fla. 277, 17 So. 407; Jones v. Central Hanover Bank & Trust Co., 110 Fla. 69, 147 So. 895; Durham v. Meyer, 114 Fla. 594, 154 So. 702. Under the foregoing authorities, the fact that appellee produced the bonds at the trial and surrendered them in evidence was, prima facie, sufficient to characterize him as the legal holder thereof.

■ However, proof that the unattached coupons corresponded to the bonds and satisfied the requirements of the charter and ordinances did not sustain the burden of proving that they were the valid obligations of appellant. If they were, they became so when negotiated along with bonds to which they were attached, each bond bearing the signatures of the executing officers. Proof of the genuineness of the bonds may be made by proving the acts of the negotiating officers pursuant to their authority, and such proof is undoubtedly sufficient for the coupons attached to the bonds. But where the coupons do not bear the signature or signatures of the officer or officers issuing them, their validity depends entirely upon whether or not they were attached to the bonds when issued. If the coupons were actually attached to the bonds when issued, and were not attached when produced in court, then some one, at some intervening time, must have detached them. Information as to who detached the coupons is not readily available to the obligor; and, in the nature of the case, it would be unjust to indulge a presumption against it. Such information is, or should be, readily available to a holder of the bonds; and, if the genuineness of the coupons is put in issue, it should work no unusual hardship upon him to require proof of the one vital fact upon which it depends, that is, that the coupons were detached from the bonds.

■ It follows that the judgment of the district court must be affirmed in so far as it awards recovery on the bonds and all coupons attached thereto. Since there was no proof that the unattached coupons were attached to the bonds when issued, the judgment must be reversed as to so much of the award as was based thereon.

The judgment of the district court is affirmed in part and reversed in part, and the cause remanded to the district court for further proceedings not inconsistent with this opinion. The costs of this appeal shall be assessed against appellee.