**BOARD OF PUBLIC INSTRUCTION FOR COUNTY OF HERNANDO, STATE OF FLORIDA, v. MEREDITH et al.**

No. 9803.

Circuit Court of Appeals, Fifth Circuit.

May 15, 1941.

Morris E. White and Calvin Johnson, both of Tampa, Fla., for appellant.

Robert J. Pleus, of Orlando, Fla., for appellees.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee brought this suit to recover on interest coupons clipped from bonds issued by the Board of Public Instruction for the county of Hernando, Florida, on June 1, 1925. An adverse decision holding the bonds and coupons invalid was reversed by us, 5 Cir., 112 F.2d 914. After the mandate went down, plaintiffs filed, under the provisions of Rule 36, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, a request for admission by defendant that the coupons were genuine and attached to and delivered with the bonds bearing corresponding numbers, as indicated on the coupons. By answer, not verified, defendant, in substance, replied that it could not admit or deny this statement because it was not possible to determine from an examination of the coupons whether they were genuine or not, since the coupons had been detached from the bonds and did not bear upon their face any means of identification. Plaintiff then gave notice of a motion for summary judgment on the pleadings, the request for admission and supporting affidavits, under the provisions of Rule 56, Rules of Civil Procedure.

On the hearing, in support of the motion, plaintiffs filed affidavits which showed that the bonds with the coupons attached had been deposited with plaintiffs as members of a bondholders' committee; that plaintiffs had the legal title to the securities as trustees of an express trust created by a bondholders' agreement and were entitled to sue thereon; that J. Bowerman had personally clipped the interest coupons from the respective bonds for the purpose of making the coupons available for the institution of the suit; and that L. K. Stephens was competent to do so and had personally computed the amounts due upon the coupons involved in the suit, both in principal and interest, which aggregated $29,624.87. Defendant filed no opposing affidavits or evidence of any kind to offset the prima facie showing made by the just described affidavits. Summary judgment was granted in the amount of $29,624.87. This appeal followed.

Appellant contends that ex parte affidavits may not be received as proof of the material facts in issue in any suit and Rule 56 does not imply that this may be done; that a genuine issue of material fact was presented by the pleadings as the signatures on the coupons were printed or lithographed thereon and were not made by the hand of the officers whose names appear thereon; and that they were deprived of an opportunity to cross examine the witnesses. In support of this contention appellant cites City of Hialeah v. Groves, 5 Cir., 101 F.2d 951, 954. In that case we reversed the judgment in part on the ground there was no evidence to show the coupons were attached when the bonds were delivered but allowed recovery on the bonds. The decision is not in point.

It is evident that, after the original judgment was reversed and the bonds were held to be valid, the only facts remaining to be shown were that the coupons had been actually attached to the respective bonds when the bonds were issued and delivered, and the amount due in principal and interest.

The act under which the bonds were issued (chapter 10655, Laws of Florida, Special Acts of 1925), provides that it shall be sufficient for each interest coupon to bear the printed or lithographed facsimile signature of the chairman and secretary of the state board. Conceding that usually ex parte affidavits are not sufficient to prove material facts in a contested case they are admissible when they conform to a statute or rule having the same effect permitting their introduction.

The intent and purpose of Rule 56 is to promote the prompt disposal of actions in the interest of justice where there is no genuine issue as to any material facts. See Holtzoff, New Fed.Procedure, pp. 143 et seq. It provides for summary judgment on the pleadings, supported by affidavits. The contention that the coupons were not identified with the bonds from which they were detached is without merit. The liability of appellant on the bonds and coupons was conclusively established by our previous decision. Nothing remained to be shown except that the coupons were actually clipped from the genuine bonds and the amount for which judgment should be entered. It was entirely in keeping with the letter and spirit of Rule 56 that this could be done by ex parte affidavits which were not offset by opposing affidavits. Port of Palm Beach Dist. v. Goethals, 5 Cir., 104 F.2d 706.

The record presents no reversible error. The judgment is affirmed.