S. V. SMITH v. MIDCOAST INVESTMENT COMPANY.

173 So. 348.
Opinion Filed March 16, 1937.

*Clair A. Davis* and *Lambdin & Ramseur,* for Appellant; *Byron M. Skelton* and *Charles H. Schuh,* for Appellee.

BUFORD, J.—The appeal brings for review final decree of foreclosure of a mortgage.

The first, second and third questions challenge the correctness of the order of the lower court appointing a Receiver of the mortgaged property.

Since the appeal is from the final decree, which must be affirmed, no useful purpose could be served by discussing the contentions presented in these questions.

The fourth question challenges the correctness of the action of the Chancellor in allowing the cause to proceed to final hearing over objection of defendant prior to the expiration of the time permitted co-defendant against which decree *pro confesso* had been entered to further plead. The co-defendant referred to is First National Bank of Gainesville, Florida.

The record does not show any attempt on the part of the co-defendant to participate in this litigation after the entry of decree *pro confesso*. Therefore, if error was committed the record fails to show wherein it was harmful to the appellant here.

The same conclusion applies to the fifth question.

The sixth question challenges the right of the complainant to foreclose the notes to enforce payment of the mortgage. The record shows, as was held by the Chancellor, that the title to the ownership of the notes passed to Mid-

coast Investment Company. In Jones v. Central Hanover Bank & Trust Company, 110 Fla. 69, 147 Sou. 895, we held:

"Title or interest of holder of commercial paper cannot be disputed unless necessary for purpose of legitimate defense. Maker of commercial paper cannot defend on ground that endorsee is not *bona fide* holder for value unless maker asserts defense good against original payee."

The seventh question challenges the action of the court in receiving in evidence certain notes which bore certain endorsements on the back thereof when the copies of notes attached to the bill of complaint did not show the endorsements on the reverse side thereof. It is contended that there was a variance between the notes offered in evidence and the copies attached to the bill of complaint. In Lee v. Patten, 34 Fla. 149, 15 Sou. 775, it was held:

"Where a written instrument offered in evidence by a complainant in a bill contains enough to sustain the material substance of a pertinent allegation of the bill in reference to it, is admissible to sustain such allegation, even though such instrument varies on its face in an immaterial particular from the description of it given in such bill."

When the notes involved in this case were offered in evidence after hearing argument as to the admissibility of the same, the Chancellor held:

"The notes in question are admitted in evidence for the purpose of showing the original transaction between the parties. The endorsements thereon are not at the present time being considered by the court."

The eighth, ninth and tenth questions are framed as follows:

"Eighth question. Where failure of legal consideration for the notes and mortgage in suit is set up by defendant

(mortgagor) in a sworn answer, is a check paid by mortgagee to a third party, a stranger to the suit, chargeable as and does the same constitute sufficient consideration for the notes and mortgage upon the bare oral testimony of the mortgagee's agent wholly uncorroborated and unsupported by any other testamentary or documentary evidence that the same was paid to satisfy an outstanding mortgage against the property involved and the existence of any such outstanding mortgage or mortgage indebtedness is denied by defendant in his testimony?

"Ninth question. Where a sworn answer setting up failure of consideration and charging usury is interposed to the foreclosure of a first mortgage and at trial plaintiff, in its attempted proof as to consideration, introduces evidence of various payments constituting part consideration of the first mortgage being foreclosed and also a second mortgage owned by a third party and made by defendant at a later date, without specifying which payments apply to each mortgage; is defendant entitled, upon application, to a specific accounting relative to the amounts constituting the consideration for the notes and mortgage in suit?

"Tenth question. In a foreclosure action wherein the defense of usury is interposed and because of such usury cancellation of the notes and mortgage is prayed by defendant, is defendant entitled to such cancellation upon showing for an actual loan of only $7,849.05 defendant by said mortgage and notes is charged the principal sum of $10,000.00 plus 8% interest per annum on the fictitious principal amount of $10,000.00."

These questions in their final analysis challenges the sufficiency of the evidence to sustain the findings of the Chancellor. There is substantial evidence found in the record to support the findings of the Chancellor and, therefore,

under the fixed rule of this Court such findings should not be disturbed.

The eleventh question is as follows:

"Eleventh question. Where negotiable notes and mortgage providing for payment of the principal amount expressed therein, together with interest per annum from date thereof payable over a period of years, are given to secure a loan for an amount less than the principal expressed in the notes and mortgage, is the bonus or deduction reserved by the lender at the time of making the loan, together with the interest specified per annum, calculated together in arriving at the amount actually charged the first year for the use of said loan, or is the same calculated over the entire period of the loan?"

This question was answered adversely to the contentions of the appellant in the opinion and judgment in the case of Benson v. First Trust & Savings Bank, 105 Fla. 135, 134 Sou. 493, and 142 Sou. 887, wherein we held:

"Where usury is established by proof showing an agreement to lend a certain sum of money for a given number of years for a certain sum of money as interest, which sum as interest, if the loan runs for its full term as agreed on, will not equal or exceed 25% per annum upon the principal sum, the legal consequences of such an arrangement must be tested by the results contemplated by the parties on the assumption that both lender and borrower will fully carry out their agreement rather than the results which may follow, but are not necessarily certain to ensue, when the borrower breaches a covenant which accelerates the maturity of the principal at the option of the lender."

So, we are committed to the rule that if a negotiable note and mortgage are executed payable over a period of years, and are given to secure a loan for an amount less

than the principal expressed in the note and mortgage and the note and mortgage are allowed to run for the full period named therein, any bonus or deduction reserved by the lender at the time of making the loan will be prorated over the full term of the loan, but if the note and mortgage contained an acceleration clause of which the lender takes advantage, then the bonus or excess will be pro-rated only over the period of time for which the lender has elected to allow the obligation to run.

The twelfth question is framed as follows:

"Where usury is established as defense in a mortgage foreclosure action diminishing the amount of plaintiff's claim, are attorneys fees for plaintiff's solicitor in amount based upon the original sum claimed chargeable against defendant in decree, or should the same be diminished proportionately with the amount of the decree?"

This question is based on the assignment of error numbered 8, which is as follows:

"The court erred in holding that there is due plaintiff the sum of $1,000.00 solicitor's fees because said sum is excessive under the showing of usury made in the record and the amount due plaintiff, if anything, on its notes and mortgage."

The question is not sufficiently supported in the record to require discussion here. The question finds its ground in the contention of the appellant that the Chancellor erred in his determination and finding of the amount due the complainant under the foreclosure. As heretofore stated, the findings of the Chancellor have ample support in the record and, therefore, must be upheld by this Court.

It follows that when we uphold the Chancellor's findings as to the amount due the complainant upon the note secured by the mortgage which is here being foreclosed, we also

arrive at the conclusion that the amount allowed by the Chancellor as attorney's fees was justified.

Finding no reversible error disclosed by the record, the decree should be and is affirmed.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL and DAVIS, J. J., concur.