57 So.2d 30 (1952)
AYVAS et ux.
v.
GREEN.
Supreme Court of Florida, en Banc.
February 22, 1952.
*31 Jeptha P. Marchant and Joseph A. Perkins, Miami, for appellants.
Breslow & Gelb and E.F.P. Brigham, all of Miami, for appellee.
ROBERTS, Justice.
This appeal had its inception in a suit for an accounting and for foreclosure of a mortgage filed by appellee against appellants, in which the appellants interposed the defense of usury. Testimony was taken before a Special Master, who found that the appellee's assignor, hereinafter referred to as "the lender," had sought to collect a sum in excess of 25 per cent per annum of the amount actually loaned and recommended that both the principal and interest be forfeited, as provided by Section 687.07, Florida Statutes, F.S.A. The Chancellor, however, sustained the appellee's exceptions to the Master's Report respecting the findings of the Master that the principal of the debt should be held to be forfeited, but remanded the cause to the Master for further testimony on the question of whether the interest charged was more than 10 per cent and thus subject to forfeiture under the provisions of Sections 687.03 and 687.04, Florida Statutes, F.S.A. Accordingly, further evidence was adduced before the Master. The Master reported that such evidence was substantially the same as that upon which her original Report had been based so that she was unable to make any additional findings of fact or conclusions of law. The Chancellor, upon final hearing, was of the opinion that the appellants had failed to establish that the transaction was tainted with usury so as to forfeit the principal of the debt and also that they had failed to prove that the transaction was sufficiently usurious so as to forfeit the interest charged, and entered a final decree of foreclosure as prayed for by appellee. Appellants have appealed from such final decree.
It appears that the note and mortgage were executed on May 17, 1949, in the face *32 amount of $2700 with interest at six per cent per annum, payable $45 per month for 35 months, and the balance being due and payable three years from date. No payments either of principal or interest were made by the appellants, and the instant suit was instituted on September 30, 1949, or four months after the date of the execution of the note and mortgage, and in accordance with an acceleration clause contained therein. The appellee is the assignee of the note and mortgage, but it is not here contended that he is a holder in due course against whom the defense of usury would not lie, and the case will be decided as though no assignment had been made.
The amount alleged in the bill of complaint as due and owing to the lender under the note and mortgage was $2605.82, and the lender adduced evidence to prove that the amount was made up of the following sums: $2100 advanced to the appellants at the time of the execution of the mortgage; $300 subsequently advanced; $20 subsequently advanced; $52.50 paid by lender for legal fees in connection with the mortgage loan; $25.18 for insurance premium on the mortgaged property; $15 for abstracting charge; and $93.14 for miscellaneous fees in connection with the mortgage and for commission for placing the mortgage.
It is undisputed that the amount actually received by the appellants at the time of the execution of the mortgage was only $2100; and the lender's contention that the sums of $300 and $20 were subsequently advanced under the original note and mortgage is disputed by the appellants, who claim that these amounts were separate transactions and that the appellants actually received only $250 of the $300 loan and gave the lender a separate note in the amount of $300 to cover this loan.
The Special Master found that the sum actually loaned was $2152.50 ($2100 plus $52.50 for legal fees); and that of the remainder, the amounts alleged to have been advanced as a part of the loan and for abstracting and insurance fees were separate loans. The sum of $93.14 claimed as miscellaneous fees and as a commission was not allowed for the reason that there was no designation as to what portion of this amount was for the lender's commission; and, the lender being without authority to charge a commission for placing his own mortgage, the entire sum was disallowed.
We think that there can be no doubt as to the correctness of the Master's findings as to the sums advanced in cash subsequent to the execution of the note and mortgage. The record shows that the lender submitted to the appellants for their signature an agreement acknowledging the receipt of $3020 by the appellants in connection with a further note and chattel mortgage which the lender sought to obtain from the appellants to cover the additional $320. This same agreement shows that the sum of $40.18, for abstracting fee and insurance, was likewise a separate loan and not included in the original $2700 note and mortgage. And, under the circumstances here existing, the charge of $93.14 for miscellaneous fees and brokerage would appear to be unwarranted. See Richter Jewelry Co. v. Schweinert, 125 Fla. 199, 169 So. 750, 757.
But even if it be considered that the lender actually paid over to the appellants only $2152.50 and reserved for himself a "bonus" of $547.50, we do not think that a case of criminal usury, within the meaning of Section 687.07, Florida Statutes, F.S.A., has been made out against the lender.
Section 687.07 subjects to a criminal penalty any person "who shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned," as well as providing for a forfeiture of the principal and interest. A violation of Section 687.07 will be referred to in this opinion as "criminal usury." Section 687.03 provides that "It shall be * * * unlawful for any person, * * * to reserve, charge or take for any loan * * * a rate of interest greater than ten per cent per annum, either directly or indirectly * * *"; and Section 687.04 provides for the forfeiture of double the amount of interest so reserved, *33 charged or taken. A violation of Section 687.03 will be referred to in this opinion as "civil usury."
Assuming that the findings of fact of the Master are correct, then the loan in the instant case, if allowed to run its full three years, would have carried an interest rate (including the $547.50 "bonus") of more than 10 per cent but less than 25 per cent per annum. It was thus civilly usurious at its inception, but not criminally so. And the fact that the note and mortgage contained an acceleration clause by which the entire amount of $2700 became due and payable upon default in any monthly payment does not, in our opinion, give rise to a conclusive presumption that the lender did "willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned". (The emphasis is supplied.)
Nor is the lender here seeking to recover the full face value of the note; he seeks only to recover amounts actually paid over to the appellants or to other persons in behalf of appellants. While the Special Master found  and, we hold, correctly so  that only $2152.50 of such amounts were advanced as a part of the particular note secured by the mortgage here sought to be foreclosed, the fact that the lender sought an accounting for other sums loaned and, in effect, to bring such other loans under the security of the mortgage sought to be foreclosed (being unable to obtain the appellants' signature to the chattel mortgage securing such additional loans, as heretofore indicated) cannot, we think, be considered criminal usury, under the provisions of Section 687.07, supra.
This case must, then, be decided as though the lender by taking advantage of an acceleration clause seeks to recover the amount actually loaned under a contract civilly, but not criminally, usurious at its inception because of a bonus or deduction reserved by the lender at the time of making the loan, and where the amount of such bonus, although not sought to be recovered in the proceeding, would render the contract criminally usurious if pro-rated only over the four-month period for which the lender has elected to allow the obligation to run. We are mindful of the previous decision of this court in Smith v. Midcoast Inv. Co., 127 Fla. 455, 173 So. 348, 350, in which it was stated that "* * * if the note and mortgage contained an acceleration clause of which the lender takes advantage, then the bonus or excess will be prorated only over the period of time for which the lender has elected to allow the obligation to run"; but we are not persuaded that this rule should be applied to make criminally usurious that which was only civilly usurious in its inception and where the lender is not seeking to recover the full face value of the note, but only the amount actually loaned.
This is not to say that a lender may purge himself of the taint of usury in a contract where the bonus or excess, when prorated over the full period of the loan, was criminally usurious at its inception, simply by suing to recover only an amount to which he would be legally entitled; and we say only that, under the facts in the instant case, the lender cannot be said to have "willfully and knowingly" charged or accepted more than 25 per cent per annum of the amount actually loaned so as to be guilty of criminal usury. Thus, the lower court did not err in holding that the principal amount of the loan was not forfeited.
It must be held, however, that the lower court erred in holding that the appellants had failed to prove interest reserved, charged or taken in excess of 10 per cent per annum. The evidence is conclusive that the cash advances, totalling $320, alleged to have been made under the original $2700 note, were intended by the lender to have been a separate loan. And, in addition to the $52.50 for legal fees, the only other sums claimed by the lender to have been paid out on behalf of the appellants totalled $133.32  that is, $40.18 for insurance and abstracting costs and $93.14 for miscellaneous fees and his commission. The maximum interest that could have been charged on a loan of $2285.82 ($2100 plus $52.50 plus $133.32) at the lawful *34 rate of 10 per cent would be $228.58 per annum, or $685.74 for the three-year period. Thus, by reserving a "bonus" of $414.18 ($2700. minus $2285.82) and adding thereto interest at 6 per cent per annum for a three-year period on the principal amount of $2700, the lender has sought to "reserve, charge or take" interest in the amount of $900.18, which is more than 10 per cent per annum. It is noteworthy, also, that by requiring a substantial portion of the money to be repaid in 35 equal monthly installments, the above-mentioned maximum interest of $685.74 would have been reduced.
It follows, then, that even if the Chancellor was correct in his determination that the amounts expended for abstracting, insurance and miscellaneous fees and for a commission, were made in good faith by the lender and as a part of the original transaction, there is still an interest charged in excess of 10 per cent.
It is our opinion, however, that the evidence abundantly supported the findings of the Master that the sums paid out for abstracting and insurance were intended to be a separate loan, and we find no error in her ruling as to the amount claimed as a commission.
We hold, then, that the obligation here sought to be foreclosed was civilly usurious at its inception and that the lender must forfeit double the amount of interest "reserved, charged, or taken," in accordance with the provisions of Section 687.04. Since in this case no interest payments were made by the appellants, the forfeiture will apply only to the "bonus" reserved, to wit, $547.50 ($2700 minus $2152.50), which, when double the amount thereof is deducted from the amount actually loaned, will leave a balance due the lender, on the particular obligation here sought to be foreclosed, of $1,057.50.
The other questions presented have been considered, but no error has been found, except as above noted.
For the reasons stated, the cause is remanded for the entry of a decree in accordance with the opinion herein expressed.
Affirmed in part and reversed in part and remanded with directions.
SEBRING, C.J., and TERRELL, CHAPMAN, HOBSON and MATHEWS, JJ., and DICKINSON, Associate Justice, concur.