MATHEWS, Justice.
■ This is an appeal from a final decree in a suit which, originally,. was brought to foreclose a mechanic’s lien. ■ Eventually, when the pleadings were settled, cross-complainant-defendant sought to foreclose a first mortgage. The defense of usury'was interposed.
There was voluminous testimony taken by the Master. All of the witnesses appeared before the Master personally. After citing the case of Smith v. Midcoast Inv. Co., 127 Fla. 455, 173 So. 348, the Master found:
“In the instant case, the counterclaimant Harry J. Sonz did exercise his right under the acceleration clause contained in the note and mortgage and seeks to recover the entire amount of principal and interest due. According to the well established holding of the Florida Supreme Court, the Three Thousand Dollars ($3,000.00) exacted as a bonus is therefore amortized over the period the loan remained in existence up to the time of exercising the right of acceleration,' namely from October 11, 1950 to August 2, 1951. That amortization plus the 8% per annum interest rate on Fifteen Thousand Dollars ($15,000.00) clearly indicates the interest to be in excess of 25%. The amount of principal and interest is therefore deemed completely forfeited consistent with Sec. 687.07 F.S.A.”
In the final decree the Chancellor stated:
“2. That the report of the Special Master filed, herein on the 12th day of September, 1952, and the findings of fact and con- . elusions of law stated therein are, each and every, ratified, approved and confirmed * *
“4. That the note and mortgage executed by the defendants, George Jacobs and Sydell Jacobs, his wife, to the cross-plaintiff, Harry J. Sonz, is void under Section 687.07 of the Florida Statutes; and that the said note and mortgage are hereby declared void, arid the Clerk of the Court is hereby directed to make a marginal notation to that effect on the records thereof.”
Section 687.07, F.S., F.S.A., is as follows:
“Forfeiture and penalty in case of excessive interest or charges
“Any person, or the agent, officer or other representative of any person, lending money in this state who shall willfully and knowingly charge or accept any sum of money greater than the sum of money loaned, and an additional sum of money equal to twenty-five per cent per annum upon the principal sum loaned, by any contract, contrivance or device whatever, directly or indirectly, by way of commissions, discount, exchange, interest, pretended sale of any article,- assignment of salary or wages, inspection fees or other fees or otherwise, or for forbearing to enforce the collection of such moneys or otherwise, shall- forfeit the entire sum, both the principal and interest, to the party charged such usurious interest, and shall be deemed guilty of a misdemeanor, and on conviction, be fined not more than one hundred dollars, or be imprisoned in the county jail not more than ninety days.”
In this case the record shows that Sonz riot only took advantage of the acceleration clause in the mortgage, which made the same usurious, but during the progress of the trial he offered an amendment demanding still other funds under the mortgage, which made it still more usurious.
Mr. Jacobs testified that Sonz, the holder of the mortgage, stated to him that if they did not bring up the question of usury, he (Sonz) would protect their homestead. The Master had a right to believe *375 this testimony and it showed that Sonz in liis demands for usurious interest made such demands willfully and knowingly.
It appears -from the record that after the mortgage was made, and for the convenience of the parties, a corporation was formed and the legal, title to the property was transferred to this corporation. The owners of the property were the owners of the corporation. The corporation assumed and agreed to pay the mortgage. It is contended that usury cannot be pleaded because this corporation had assumed and agreed to pay the mortgage and indebtedness, and Section 612.62, F.S., F.S.A., is relied upon. This section reads as follows:
“No corporation shall interpose the defense of usury in any action in any court in this state.”
The fact that a corporation owned by those primarily liable on the mortgage debt had assumed and agreed to pay the mortgage debt, did not relieve the maker of the note and mortgage from liability. See Sodi, Inc. v. Salitan, Fla., 68 So.2d 882, on the question of the defense of usury as available to a corporation since the enactment of Chapter 28170, Laws of Florida,Acts of 1953.
In the case of Alabama-Florida Co. v. Mays, 111 Fla. 100, 149 So. 61, 64, 91 A.L.R. 139, this Court said:
“ * * * The ground of the grantee’s liability adopted by this court is that of contract, an application of the now prevailing American doctrine that the grantee’s assumption of the mortgage debt is a contract made and intended by the formal parties thereto, not alone for their own benefit, but also for the direct benefit of a third party, the mortgagee, who may sue upon it"at law as the real party in interest (see section 4201, C.G.L.1927), even though the agreement to assume is contained in an instrument under seal.”
It is urged that the case of Ayvas v. Green, Fla., 57 So.2d 30, is-authority for the claim that a note and mortgage containing an acceleration clause by which the entire amount became due upon default does not give rise to the conclusive presumption that the lender did willfully and knowingly charge or accept any sum of money greater than the sum loaned and an additional sum equal to twenty-five per cent upon the principal loaned. The isolated statement found in that casé and relied upon may be true and correct. However, in the case at bar, we have more than an acceleration clause. There is an abundance, of actual testimony which justified the Master in finding that the holder of the mortgage willfully and knowingly charged and demanded a sum of money greater than the sum loaned and an additional sum equal to twenty-five per cent per annum upon the principal sum loaned. In the case of Ayvas v. Green, supra, a bonus was involved but it was not demanded. In this case there was a bonus of $3,000 involved and it was demanded.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.