177 So.2d 859 (1965)
Beatrice GORDON, Appellant,
v.
WEST FLORIDA ENTERPRISES OF PENSACOLA, INC., Appellee.
No. G-339.
District Court of Appeal of Florida. First District.
August 19, 1965.
Adams & Palmer, Crestview, for appellant.
Barrow & Moore, Crestview, for appellee.
STURGIS, Judge.
This is an appeal and cross-appeal from a final decree in a suit to foreclose a real property mortgage securing appellant's promissory note in favor of appellee, plaintiff below, in the face amount of $3,919.80, payable in 60 monthly installments of $65.33 each. The parties will be identified according to their relation in the lower court. The defendant mortgagor covenanted in the event of default to pay all costs of foreclosure, including an attorney's fee. The complaint alleges, inter alia, that the principal amount of the note in suit was $2,450.00, so it is obvious that the note contains an item of $1,469.80 for interest reserved. Defendant paid only four of said monthly installments and the plaintiff exercised its option under the mortgage to declare the entire balance due and payable, hence this suit.
In answer to the complaint, defendant alleged that said promissory note was usurious in that the interest reserved exceeded 15% per annum in violation of Section 687.03, Florida Statutes, F.S.A., which makes it unlawful for any person to reserve, except upon an obligation of a corporation, a rate of interest greater than 10% per annum, and defendant asserted that she was entitled under Section 687.04, Florida Statutes, F.S.A., to exact against the plaintiff, as a penalty for said usury, a forfeiture in double the amount of the interest so reserved. *860 In reply thereto plaintiff filed a pleading alleging, without any statement of facts, that it is "qualified to charge interest pursuant to the Retail Installment Sales Act of the Florida Statutes." Defendant moved to strike said reply and also moved for a summary judgment cancelling the note and mortgage on the ground that the pleadings demonstrated a right to exact the forfeiture asserted by the answer and that such forfeiture exceeds the principal obligation of the note and mortgage.
The chancellor apparently treated defendant's motion for summary decree as a motion for final decree on the pleadings, and the parties to this appeal appear to have proceeded on that assumption. On final hearing it was decreed: (1) That plaintiff was entitled to foreclose the mortgage for the principal balance due, including court costs and attorney's fees; (2) that the interest contracted for was in excess of 15% but less than 25% and is therefore forfeited; (3) that the amount due by defendant to plaintiff is $2,188.68 for the unpaid principal of the loan, $109.29 in reimbursement of real property taxes paid by plaintiff on behalf of defendant, an attorney's fee of $295.00, and the cost of maintaining the action, and that said items are secured by the mortgage lien; and it was ordered that in the event the amounts found due to plaintiff were not paid, the mortgaged premises be sold in satisfaction thereof.
Defendant's assignments of error challenge the decree appealed on the ground that it was error not to assert against the plaintiff and in favor of defendant a penalty of double the amount of usurious interest reserved, as provided by Section 687.04, Florida Statutes, F.S.A. Such penalty would amount to $2,939.60 and under the accounting in this proceeding would operate to offset the hereinabove mentioned items found by the final decree to be due and payable from defendant to plaintiff and entitle defendant to a decree canceling the note and mortgage in suit.
The plaintiff (appellee) cross-assigned error on the grounds (1) that the trial court erred in working a forfeiture against plaintiff in the amount of the interest reserved by the promissory note in suit, and (2) erred in deducting from the original principal obligation of said note the four installment payments made thereon by defendant.
In ruling on a motion for decree on the pleadings all allegations of the adverse party are taken as true and those of the movant which are denied as untrue. The record before the chancellor appears to have been limited to the pleadings and certain exhibits consisting of: (a) the note and mortgage in suit, (b) a paper purporting to be a building repair and remodeling contract between plaintiff and defendant, to which is attached a "Schedule of Direct Reduction Loan" indicating that the principal of the loan was $2,450.00, that it was payable over a period of 60 months at the rate of $65.33 per month, and that the interest rate on the basis of such payments is 20.307% per annum; (c) an assignment of said mortgage and note from plaintiff to Equitable Credit & Discount Co.; and (d) a reassignment of said note and mortgage to the plaintiff.
Except in certain instances not applicable to this suit, Section 687.03, Florida Statutes, F.S.A., makes it unlawful and usurious to exact from a private person interest in excess of 10% per annum, or from a corporation interest in excess of 15% per annum. Section 687.04, Florida Statutes, F.S.A., provides that one who willfully violates the provisions of Section 687.03 shall forfeit the entire interest charged, or contracted to be charged or reserved, and only the actual principal sum of such usurious contract can be enforced in any court in this state, either at law or in equity. It is also provided by Section 687.04 that when said usurious interest has been taken or reserved, or has been paid, the person who has taken or reserved, or who has been paid same, shall forfeit double the amount thereof to the party from *861 whom it has been reserved, taken or exacted.
The controlling facts in this case are strikingly similar to those in Brown v. Home Credit Co., 137 So.2d 887 (Fla.App. 1962), in which the Second District Court of Appeal held: (a) that the notes there involved were usurious under the "civil usury" provisions applicable to interest at more than 10% and less than 25% per annum, and also constituted "criminal usury" under the provisions of Section 687.07, Florida Statutes, F.S.A.; (b) that said notes, which were given to finance an addition to the home and the removal of encumbrances were permeated with usury and the alleged time-price differential and discount were merely a disguise for the usurious interest included in the face amount of the notes; (c) that the consequences of such usury could not be avoided by the holder of the notes exhibiting for the first time after trial was under way a willingness to accept only the principal sum involved, plus interest to date, rather than the entire amount of the balance under the acceleration provisions of the notes; and (d) that since the penalty for "civil usury" in that case exceeded the penalty for "criminal usury," of forfeiture of principal and interest, only the penalties for "criminal usury" would be imposed with respect to the transaction. Allen, J., speaking for the court, held that the inclusion of interest in the face amount of the two notes in suit amounted to a taking or reserving of usurious interest on the transaction, in consequence whereof the lender must under Section 687.04 forfeit double the amount of the usurious interest reserved and that such forfeiture must be deducted from the amount actually received by the mortgagor and not from the greater amount recited on the face of the notes and mortgage. Ayvas v. Green, 57 So.2d 30 (Fla. 1952); Maxwell v. Smith, 119 Fla. 389, 161 So. 566 (1935); Ross v. Atlas Finance Corp., 113 Fla. 793, 152 So. 410 (1934). In the case sub judice, as in Brown v. Home Credit Co., supra, a forfeiture under the statute of double the amount of unlawful interest reserved would exceed the amount of principal actually advanced, and if deducted in full would result in a credit balance due from the plaintiff in foreclosure to the defendant mortgagor; and in the light of that fact it was held in Brown that the forfeiture should not exceed an amount necessary to effect a cancellation of the indebtedness and the mortgage. In that context it was said:
"The mitigation of forfeiture just referred to results from an anomalous situation in this case which will later be brought out. The reservation of the interest in this case in addition to `civil usury' under §§ 687.03 and 687.04, F.S.A., also constituted `criminal usury' under § 687.07, F.S.A., in that in excess of twenty-five per cent per annum interest was reserved by operation of the two acceleration clauses which made no provision for the elimination of unearned interest in the installments precipitated to maturity in the event of default. Smith v. Midcoast Investment Co., 1937, 127 Fla. 455, 173 So. 348. Said clauses rendered the transaction usurious at its inception and Home Credit, being practiced in the lending profession, can be held to have known and intended the usurious consequences resulting from early default. See Shorr v. Shafte, Fla. 1956, 90 So.2d 604. The Florida Supreme Court in Ayvas v. Green, Fla. 1952, 57 So.2d 30, made reference to Smith v. Midcoast Investment Co., supra, as follows:
`* * * We are mindful of the previous decision of this court in Smith v. Midcoast Inv. Co., 127 Fla. 455, 173 So. 348, 350, in which it was stated that "* * * if the note and mortgage contained an acceleration clause of which the lender takes advantage, then the bonus or excess will be prorated only over the period of time for which the lender has elected to allow the obligation to run"; but we are not persuaded that *862 this rule should be applied to make criminally usurious that which was only civilly usurious in its inception and where the lender is not seeking to recover the full face value of the note, but only the amount actually loaned.'
We feel that under Shorr v. Shafte, supra, the acceleration clauses rendered the instant transaction criminally usurious at its inception. Even if not, however, it became so under the proscription set out in the quoted portion of Ayvas v. Green, supra, when Home Credit sought to recover the full face value of the two notes as exhibited by the face of its complaint.
"The penalty for `criminal usury' is forfeiture of the entire sum, both principal and interest under § 687.07, F.S.A. The anomaly previously mentioned results from a literal comparison of the double interest forfeiture for `civil usury' under § 687.04, F.S.A., with the forfeiture of both principal and interest for `criminal usury' under § 687.07. Applied to the facts of this case, the penalty for `civil usury' if literally construed exceeds the penalty for `criminal usury.' Since § 687.07 appears to comprehend a greater penalty than § 687.04, the amount of forfeiture in this case should not exceed an amount necessary to effect a cancellation of the indebtedness and mortgage as stated supra. In the case of Rosenblum v. Hart, Fla. 1957, 95 So.2d 18, it was held that principal and interest were properly forfeited for wilfully exacting interest in excess of twenty-five per cent per annum, but the lender was held not to be subject to the additional penalty of forfeiture of twice the amount of interest paid or reserved under § 687.04. The Court stated that §§ 687.04 and 687.07 recognize and define degrees of usury and provide distinct and separate penalties which are not cumulative.
"Since our holding in this case operates to cancel the notes and mortgages involved, that part of the lower court's decree awarding attorneys' fees and costs incident to foreclosure to Home Credit is also reversed."
The supreme court granted certiorari to review the decision of the district court in Brown v. Home Credit Co., supra, and upon hearing same discharged the writ. See Home Credit Co. v. Brown, Fla., 148 So.2d 257. In that case Mr. Justice Drew said:
"* * * we think computations under the usury law must be based on a determination of the scope of acceleration rights which a note or contract purports to give a lender or holder and not upon the sums actually claimed by him. This follows necessarily from the principle that the vice of usury is one which inheres in the parties' agreement itself. When a note upon its face vests in the holder, as in the instant case and in Ayvas, supra, an option upon default to accelerate maturity of the total obligation, including unearned interest, [Cf. Graham v. Fitts, 53 Fla. 1046, 43 So. 512. 33 Fla.Jur., Usury Secs. 28, 29.] then the results of its exercise must be evaluated under the literal contract terms whether or not the complaint in fact seeks recovery of all such sums."
See also First Mortgage Corp. of Vero Beach v. Stellmon, 170 So.2d 302 (Fla.App. 1964), cer. den. Fla., 174 So.2d 32 (1965).
Here as in the Brown case, supra, the defendant (appellant) was entitled to the benefits of the forfeiture imposed by Section 687.04, Florida Statutes, F.S.A., and it was error to deny it.
We have carefully considered the cross-assignments of error and find no merit therein.
Since our holding operates to cancel the note and mortgage involved, that part of the lower court's decree awarding *863 attorney's fees, a refund of taxes paid, and costs incident to foreclosure is also reversed.
The decree appealed is reversed and remanded for further proceedings consistent herewith.
CARROLL, DONALD K., J., concurs.
WIGGINTON, Acting C.J., specially concurs.
WIGGINTON, Acting Chief Judge (specially concurring).
I am in complete agreement with the lucid opinion authored by Judge Sturgis in this case. In deference to appellee, I think it appropriate to supplement the majority opinion with the following facts.
Appellee's contention in this court, and the one with which the chancellor apparently agreed, is that the mortgage sought to be foreclosed herein was given to secure the amount due appellee by appellant under a retail installment contract entered into between the parties pursuant to the Retail Installment Sales Act, F.S. Chapter 520, F.S.A. This act provides that any indebtedness incurred on a retail installment sales contract executed pursuant to the provisions of that act may lawfully bear interest on the principal balance of $10.00 per $100.00 per year.[1] Appellee insists that when interest is completed under the provisions of this chapter, the amount charged is lawful.
The retail installment sales act applies only to contracts to sell or furnish goods or services by a retail seller to a retail buyer.[2] Under the definitions section of the act, goods mean personalty when purchased primarily for personal, family or household use, but not including personalty sold for commercial or industrial use or construction.[3] Services mean work or labor furnished for personal, family or household use, which includes labor or work furnished in connection with the modernization, rehabilitation, repair, alteration, improvement, or construction upon or in connection with real property.[4] From the foregoing provisions of the statute it seems apparent that the amount of interest permitted to be charged on retail installment sales contracts executed pursuant thereto is confined solely to the purchase and sale of personal property and services furnished primarily for personal, family or household use, and excludes personal property or services furnished in the construction of improvements for commercial or industrial use. One of the exhibits contained in the file in this case, and which was before the chancellor when he entered the decree appealed, affirmatively establishes that the indebtedness secured by the mortgage sought to be foreclosed herein represents the amount of charges incurred by appellant for the construction of a dance or recreation hall to be added onto appellant's residence. A dance or recreational hall can be intended only for commercial use as distinguished from personal, family or household use as permitted by the act. For these reasons the rate of interest charged by appellee under its contract with appellant cannot be justified as coming within the provision of the retail installment sales act discussed above. The chancellor's reliance on that act to support the decree appealed was erroneous and cannot be sustained.
NOTES
[1] F.S. § 520.34(4) (a), F.S.A.
[2] F.S. § 520.31(6), F.S.A.
[3] F.S. § 520.31(1), F.S.A.
[4] F.S. § 520.31(3), F.S.A.