211 So.2d 70 (1968)
GREEN RIDGE CORPORATION et al., Appellants,
v.
SOUTH JERSEY MORTGAGE COMPANY et al., Appellees.
No. 67-278.
District Court of Appeal of Florida. Second District.
May 29, 1968.
Julian R. Howay, St. Petersburg, for appellants.
H. Erwin Levy of Levy & Levy, West Palm Beach, for appellees.
*71 HOBSON, Judge.
Appellants bring this appeal from a summary final decree which foreclosed a mortgage on certain of their land. They submit that the chancellor erred in ruling against their defense of usury.
Appellants borrowed from appellees the sum of $290,000, in exchange for which they delivered to appellees their promissory note for that amount secured by the mortgage in question. Under the terms of the note $50,000 in principal was due at the end of the first year, and the remaining $240,000 was due at the end of the second year. The note bore interest at the rate of 6% per annum until maturity, payable monthly in advance, with additional interest on deferred payments of interest and principal at the rate of 15% per annum from maturity until paid. The note and mortgage each contained an acceleration clause whereby upon default in the payment of any installment of principal or interest appellees could at their option declare the entire unpaid balance to be due and owing. There was no provision for the elimination of unearned interest. At the date of closing, appellees deducted from the loan proceeds the sum of $29,000, purportedly representing a "commission," and the sum of $1450, representing advance interest for the first month. Appellants, thus, actually received the sum of $259,550.
On two occasions appellants defaulted on their installments but subsequently paid them before appellees instituted any action. Twenty-two months after the date of closing, appellants defaulted for the third and final time, and appellees instituted the suit below. The chancellor ruled that the $29,000 "commission" must be treated as reserved interest. (Appellees do not contest such ruling.) In determining whether the transaction was usurious, the chancellor apportioned the aforesaid sum over the period from the date of closing to the date of default and added the 6% per annum interest payable under the terms of the note. Using that test, he found that the aggregate amount of interest charged did not exceed the maximum legal rate of 15% per annum on the amount which appellants had actually received ($259,550) and that the loan was, therefore, free from any taint of usury. (See Florida Statutes, Section 687.02 [1963], F.S.A.) He thereupon decreed foreclosure in accordance with the terms of the note and mortgage. Such decree was entered on a date subsequent to the original maturity date of the note.
Appellants do not assert that there existed any genuine issue of material fact which precluded the entry of a summary decree, nor do they dispute the chancellor's mathematics. It is the test which the chancellor used that they attack. Their argument is twofold. First, they point out that if default, acceleration, and entry of a decree had occurred at any time within, for instance, one year of the date of closing, the interest rate over that period would have exceeded 15%. This possibility, they argue, was inherent in the transaction at its inception and, thus, made it usurious. Alternatively, appellants point out that even if such contingent early maturity did not in itself render the loan usurious, appellees could have accelerated the balance and sued upon either of appellants' earlier defaults, in which case the interest rate would have exceeded 15% They argue that the contingent early maturity thus became a reality on two occasions when enforcement would have resulted in usury and that the mere fact that appellees delayed enforcement did not purge the loan of such usury.
Appellants' first argument is necessarily founded on the theory that the usurious character of a transaction must be determined or determinable at its inception. However, as was pointed out in Home Credit Co. v. Brown, Fla. 1962, 148 So.2d 257, modifying Fla.App., 137 So.2d 887, the Florida courts have disregarded such theory. 148 So.2d at 259. The test of usury followed in Florida is not based upon the contingencies inherent in a transaction, but upon what actually develops. A lender *72 who upon the borrower's default accelerates the balance and obtains a decree prior to the original maturity date of the loan is held to have exacted the reserved interest as payment for the use of the actual outstanding principal from the date of closing until the date his decision to accelerate is made final by the entry of the decree. Home Credit Co. v. Brown, supra, 148 So.2d at 259-260; Smith v. Midcoast Inv. Co., 1937, 127 Fla. 455, 459-460, 173 So. 348, 350; Benson v. First Trust & Sav. Bank, 1932, 105 Fla. 135, 151-152, 142 So. 887, 888, adhered to, 105 Fla. 135, 168-169, 145 So. 182, modifying 105 Fla. 135, 134 So. 493. Consequently, a transaction which would not have been usurious had it run its full term may become usurious upon acceleration of the balance to early maturity by entry of a final decree. For this to happen, however, acceleration must actually occur or the lender or holder declines to exercise his acceleration option at the time of his institution of action to enforce the note. First Mortgage Corp. of Vero Beach v. Stellmon, Fla.App. 1965, 170 So.2d 302. The mere possibility of its occurring is not in itself sufficient to infuse the transaction with usury.
By their second contention appellants seek to apply a valid principle of law in the wrong factual context. The maxim that a mere delay in enforcement will not purge a transaction of its usury applies to a situation in which the lender waits until after the original maturity date to enforce a loan which would have been usurious even had it run its full term. See Shorr v. Skafte, Fla. 1956, 90 So.2d 604.
The appellants' second contention must also fall due to their own actions. Subsequent to each of the first two defaults appellants made on their installment payments, they voluntarily cured such defaults by the payment of $50,000 due on the principal and three monthly payments of interest, thereby by their own actions preventing the appellees from enforcing an early maturity by court decree on such defaults.
Thus, in all instances, the determination of whether the type of transaction involved here is usurious is made by apportioning the reserved bonus, commission, or interest over the period commencing with the date of closing and ending with either the date of the decree or the original maturity date, whichever is prior in time. In the case at bar the chancellor apportioned the "commission" over the period ending with the date of appellants' default, whereas it should have been apportioned over the period ending with the original maturity date (since that date preceded the date of the decree). This error, however, was to appellants' advantage, since it resulted in proration of the "commission" over a shorter period of time. Under either method the same conclusion, i.e., that the transaction was not usurious, is reached. Thus, the chancellor's decree was ultimately correct and accordingly must be affirmed.
The appellants' other point on appeal has been considered and found to be without merit.
Affirmed.
LILES, C.J., and ALLEN, J., concur.